**Bernard LARSON, Petitioner, Appellant,**

v.

**Rita M. LARSON, Respondent.**

**No. C6–84–1565.**

Court of Appeals of Minnesota.

April 9, 1985.

Steven G. Potach, Allen H. Aaron, Charles Rubenstein, Minneapolis, for petitioner, appellant.

Karen M. Nelson, David E. Krause, Minneapolis, for respondent.

Heard, considered, and decided by CRIPPEN, P.J., and PARKER and WOZNIAK, Judge.

## OPINION

WOZNIAK, Judge.

This appeal is from the trial court's dissolution decree determining that respondent was an equal joint owner of a homestead. We reverse and remand, with instructions.

## FACTS

On June 29, 1981, four months prior to their marriage, Bernard Larson and Rita McGlasson jointly signed a Purchase Agreement to buy a homestead located at 326 Burnes Drive, Hopkins, Minnesota. Rita, at that time a licensed real estate agent, located the property and prepared, with the assistance of Bernard, the Purchase Agreement.

On September 1, 1981, approximately eight weeks before the marriage of the parties, Bernard alone signed a contract for deed to purchase the property for $126,000. The property was paid for with a $25,000 downpayment, and was subject to a first mortgage of record in the sum of $74,970.90 and contract for deed in the sum of $26,029.10. It is undisputed that Rita made no financial contribution whatsoever towards acquisition of the property, and the downpayment was furnished entirely by Bernard. He obtained $13,000 of this combined earnest money and downpayment by mortgaging a piece of his nonmarital real property, and borrowed the remaining $12,000 from his son at 12% interest. Rita testified that she was informed by an attorney then present at the closing on Bernard's behalf that she would automatically become an owner of the property upon the marriage of the parties.

Bernard took possession of the house immediately upon closing and made substantial improvements to the premises prior to the marriage of the parties approximately two months later.

During the marriage, payments of $6,666 were made from marital income as interest on Bernard's mortgaged nonmarital property. During the marriage, Bernard, Rita, and Rita's children by a prior marriage resided together in the home. Rita and her children moved out in September 1983, and Bernard continued to occupy the property through the trial.

## ISSUE

Did the trial court err in adjudging a house, purchased by Bernard prior to the marriage of the parties, under contract for deed in his name only and with an earnest money payment and downpayment furnished exclusively by him, to be a marital asset?

## ANALYSIS

Bernard contends that the trial court erred in categorizing the homestead as a marital asset and dividing it between the parties. Minnesota Statutes § 518.54, subd. 5 (1984), defines nonmarital property as:

> Property real or personal, acquired by either spouse before, during or after the existence of their marriage, which
>
> (a) is acquired as a gift, bequest, devise or inheritance made by a third party to one but not to the other spouse;
>
> (b) is acquired before the marriage;
>
> (c) is acquired in exchange for or is the increase in value of property which is described in clauses (a), (b), (d), and (e);
>
> (d) is acquired by a spouse after a decree of legal separation; or
>
> (e) is excluded by a valid antenuptial contract.

The trial court found that Bernard acquired title to the homestead of the

parties in his name alone, but held that it was not acquired by the exchange for another asset owned by Bernard. The language of the statute, however, indicates that satisfaction of *any* of the subsections serves to classify the property as nonmarital. Because the property in question was acquired by Bernard before the marriage, it must be classified as nonmarital property.

The trial court's finding that the property was not an "exchange for another asset" is not supported by the evidence. As long as all or any portion of a homestead is "readily traceable" to an investment of nonmarital funds, such homestead or portion thereof is properly classified as nonmarital property. *Kottke v. Kottke,* 353 N.W.2d 633, 635–636 (Minn.Ct.App. 1984). In this case, the home was acquired exclusively by appellant's investment of $25,000 in cash. Appellant, therefore, is entitled to receive that portion of the net equity in the homestead which is attributable to his nonmarital investment in the property.

### DECISION

Since both parties agree to the sale of the homestead, we reverse and remand with instructions to order the immediate sale of said homestead, provide for payment of all reasonable costs of sale, payment of all existing liens (if not assumed), and division of the net proceeds, if any, pursuant to the formula enunciated in *Schmitz v. Schmitz,* 309 N.W.2d 748 (Minn. 1981).

Reversed and remanded, with instructions.