**In re the Marriage of Sharon Ann GULLY, petitioner, Appellant,**

v.

**Edward Richard GULLY, Jr., Respondent.**

**No. C6–84–1937.**

Court of Appeals of Minnesota.

July 16, 1985.

Tony Trimble, Talle & Trimble, Anoka, for appellant.

Jeffrey P. Hicken, Jensen, Hicken, Gedde & Soucie, Anoka, for respondent.

Heard, considered and decided by POPOVICH, C.J., and PARKER and FOLEY, JJ.

## OPINION

POPOVICH, Chief Judge.

This is an appeal from the trial court's denial of appellant's motion for a new trial. Appellant claims the trial court calculated child support using an erroneous determination of respondent's income. Appellant also claims the trial court erred by not tracing non-marital funds she invested in the parties' homestead. We reverse and remand.

## FACTS

The parties in this action were married on July 11, 1969, having previously been married and divorced from each other. The immediate dissolution proceeding was tried in March 1984. The parties stipulated to child custody. Appellant was granted custody of the two youngest children, ages 10 and 14. Respondent was granted custody of their 17-year-old son.

The trial court heard extensive testimony regarding the determination of respondent's income. Both parties called expert witnesses to testify. Respondent's expert witness, a certified public accountant, testified respondent's net income was $23,000 per year, or $1916 per month. Appellant

claimed respondent's income was at least $40,000 per year because respondent used funds from his corporation, Gully's Electric, Inc., to pay personal debts. The record indicates respondent used corporate funds to buy horses, household items, a vacation, a jet boat, a classic car, a motorcycle, and to pay temporary child support. Respondent claimed these payments should not be included in his personal income because his corporation deducted these payments as ordinary and necessary business expenses.

The trial court did not address this situation when making its findings. It merely stated:

> The Court has considered the testimony of the parties as well as other witnesses as to the income of the Respondent, and based upon the weight and sufficiency of this testimony and the credibility attached to it, concludes that the Respondent has a net annual income of $23,000.00, or $1916.00 per month.

Child support in accordance with the guidelines was awarded using this determination of income.

During trial, appellant testified she invested $1500 of non-marital funds in the parties' homestead. The funds were gifts from appellant's mother and were kept in a separate bank account before withdrawn. Appellant's mother testified the $1500 was a gift intended for appellant alone. Appellant introduced cancelled checks to support her claim. Respondent did not deny this claim. The trial court awarded the homestead to respondent. The court found the parties had $80,245 net equity in the homestead and awarded appellant a $36,233 lien in the property. The trial court did not make a specific finding regarding appellant's claim she invested $1500 of non-marital property in the homestead.

Judgment was entered June 11, 1984. Appellant moved for a new trial claiming the trial court's order for child support was based on an erroneous determination of income and that the court did not credit appellant for her investment of non-marital property in the homestead. Appellant's motion for a new trial was denied, and she appealed.

## ISSUES

1. Was the trial court's determination of respondent's income supported by sufficient findings?

2. Was appellant entitled to credit for her investment of non-marital property in the homestead?

## ANALYSIS

1. Appellant claims the trial court's determination that respondent's net income is $23,000 per year was erroneous. A trial court's finding of fact must be upheld unless clearly erroneous. Minn.R. Civ.P. 52.01; *see Ferguson v. Ferguson,* 357 N.W.2d 104, 107 (Minn.Ct.App.1984). The same rule, however, requires that a "court shall find facts specially." Minn.R. Civ.P. 52.01.

> The requirement for special findings calls for particularity and specificity in all trial court findings of fact.

*Lawver v. Lawver,* 360 N.W.2d 471, 472 (Minn.Ct.App.1985).

The trial court's determination of respondent's income in this matter was a mere conclusion. The finding does not show consideration of which items paid for by Gully Electric, Inc. should be included in respondent's personal income. Respondent's practice of deducting these expenses for tax purposes did not preclude the family court from attributing these items to respondent for purposes of determining the proper level of child support. We believe some of the personal items paid for by respondent's corporation should be included in a determination of his income.

2. Appellant claims the trial court erred by not crediting her investment of non-marital property in the homestead.

> In Minnesota tracing of an asset to a non-marital source is required when the owner shows by a preponderance of evidence that the asset was "acquired in exchange for" non-marital property.

*Kottke v. Kottke,* 353 N.W.2d 633, 636 (Minn.Ct.App.1984), *pet. for rev. denied,* (Minn. Dec. 20, 1984). Non-marital property includes personal property acquired by a spouse during a marriage which:

is acquired as a gift, bequest, devise or inheritance made by a third party to one but not to the other spouse.

Minn.Stat. § 518.54, subd. 5(a) (1984).

■ The record is undisputed that the $1500 was a gift from appellant's mother to appellant alone and used to build a garage on the homestead. The $1500 is a readily traceable non-marital asset.

Appellant, therefore, is entitled to receive that portion of the net equity in the homestead which is attributable to [her] nonmarital investment in the property.

*Larson v. Larson,* 365 N.W.2d 358, 360 (Minn.Ct.App.1985).

■ Respondent's claim he invested $13,000 in the parties' first homestead offsetting any non-marital interest of appellant is (1) not supported by the record and (2) irrelevant if that homestead was purchased before the parties' first divorce.

## DECISION

The trial court's determination of respondent's income was not supported by sufficient findings. The trial court erred by not crediting appellant's investment of non-marital property in the homestead. We reverse and remand with instructions to determine respondent's income in accordance with this opinion and increase appellant's lien in the homestead by $1500. Attorney's fees of $400.00 are awarded to appellant.

Reversed and remanded.