In re the Marriage of Deloris A. **SVOBODA, Petitioner, Respondent,**

v.

**Dennis F. SVOBODA, Appellant.**

**No. C9–85–629.**

Court of Appeals of Minnesota.

Nov. 26, 1985.

Scott Richardson, Richardson & Richardson, Austin, for respondent.

L.D. Downing, O'Brien, Ehrick, Wolf, Deaner & Downing, Rochester, for appellant.

Heard, considered and decided by FORSBERG, P.J., and PARKER and FOLEY, JJ.

## OPINION

FORSBERG, Judge.

Appeal in this marital dissolution proceeding is from a denial of a motion for amended findings or, in the alternative, a new trial. We affirm.

## FACTS

Appellant Dennis and respondent Deloris Svoboda were married in 1957. Their youngest child reached the age of majority before trial. The issue on this appeal relates solely to the property division, specifically the characterization of four certificates of deposit as marital property.

In the early years of the marriage, Dennis farmed, first in Iowa, until 1965, then in Minnesota, up to 1970, when he liquidated the farming operation. He testified that the money left from the sale went to the purchase of investment, or rental, real estate. The parties owned two rental properties, undisputedly marital property. Deloris, however, testified that at least some of the money from sale of the farming operation went, after a period of saving, to the purchase of the disputed certificates of deposit.

The certificates were purchased from June, 1982, to February, 1984, in the names of both spouses. The total amount is approximately $44,600.

The tracing of these assets involved three sources: 1) various checks from Dennis' parents, totaling $33,000; 2) a profit-sharing refund from Dennis' employer, the Warehouse Market, of about $9,000; and 3) undetermined amounts from sale of the farm and general savings.

Dennis claimed that the certificates were purchased only with the checks from his parents, which he claimed were gifts to himself alone, and the profit-sharing refund, which he conceded was a marital asset. Deloris traced the certificates to all three sources, and claimed the checks from Dennis' parents were gifts to the whole family.

One of the checks was made out to Deloris, the other three to Dennis. Dennis testified that his mother made out one check to Deloris because of gift taxes, since she had already given the yearly limit, $10,000, to him.

The trial court found that the certificates were marital assets, without tracing the amounts in each, and awarded one to Deloris, two to Dennis, and the fourth to be split when it matured.

## ISSUE

Did the trial court err in characterizing the certificates of deposit as marital assets?

## ANALYSIS

Minn.Stat. § 518.54, subd. 5 (1984) provides that "non-marital property" includes property which

(a) is acquired as a gift, bequest, devise or inheritance made by a third party to one *but not to the other spouse;* * *. (Emphasis added).

The checks received from Dennis' parents were unquestionably gifts. The issue is whether they were intended for Dennis alone.

This court recently stated, in finding a gift to one spouse but not the other:

The record is undisputed that the $1500 was a gift from appellant's mother to

appellant alone and used to build a garage on the homestead. The $1,500 is a readily traceable non-marital asset.

*Gully v. Gully,* 371 N.W.2d 63, 66 (Minn. Ct.App.1985).

The only testimony as to the intent behind the gifts was that of Deloris:

> Q Was this a gift, in your opinion, made from his parents—or as a parent just to him, or not to you and him together?
>
> A Well, they said "all." I take it that was for all of the family.

The party seeking a non-marital classification for assets acquired during the marriage bears the burden of establishing its non-marital character. Minn.Stat. § 518.-54, subd. 5 (1984); *Van de Loo v. Van de Loo,* 346 N.W.2d 173, 177 (Minn.Ct.App. 1984). Dennis, however, while rebutting Deloris' testimony as to the details of the acquisition of the certificates, did not testify as to his parents' intent in making the gifts. He relied on the fact he was named as payee on three of the checks, and Deloris only one, and that for tax reasons. Given Deloris' testimony, this was plainly insufficient evidence of an exclusionary intent. Moreover, even had he testified to his parents' intent to make himself the sole donee of the gifts, this court would have to defer to the trial court's opportunity to judge the relative credibility of each spouse on this issue. *Estate of Serbus v. Serbus,* 324 N.W.2d 381, 384–85 (Minn.1982).

## DECISION

The trial court's finding that the certificates of deposit were marital assets was not clearly erroneous.

Affirmed.