**In re the Marriage of Mary Rose RUNDELL, Petitioner, Respondent,**

v.

**Wayne Willbur RUNDELL, Appellant.**

No. C7–87–1878.

Court of Appeals of Minnesota.

April 26, 1988.

---

Howard A. Knutson, Knutson & Knutson, Burnsville, for respondent.

Lawrence D. Olson, Lawrence D. Olson & Associates, St. Paul, for appellant.

Considered and decided by PARKER, P.J., and NIERENGARTEN and SCHULTZ,[*] JJ. with oral argument waived.

[*] Acting as judge of the Court of Appeals by appointment pursuant to Minn. Const. art. 6, § 2.

## OPINION

NIERENGARTEN, Judge.

This is an appeal from a judgment and marriage dissolution decree. The appellant contends the district court abused its discretion in dividing the parties' property and asserts the court's awards for spousal maintenance and attorney fees are inadequate. We affirm but remand for further consideration.

## FACTS

Appellant Wayne Rundell and respondent Mary Rundell were married in May 1971. There are no children from this marriage. Wayne was approximately fifty-one years old at the time of the marriage and had been a teacher and principal for several years. He retired from the school district within a few months after the marriage and purchased a vacuum cleaner business. At the time of the dissolution hearing, Wayne was sixty-six years old and received approximately $798 per month in retirement and social security benefits. Wayne's health problems require medical attention and limit his physical activities.

Mary Rundell was approximately thirty-eight years old at the time of the marriage. She worked as a school teacher before marrying Wayne and continued to teach after the marriage. Within a short time after the marriage, Mary sold her house and used the proceeds to help purchase the parties' homestead. She inherited some property from her parents during the parties' marriage and used some of the proceeds from the sale of that property to help purchase the parties' home and some commercial property used by Wayne for his vacuum cleaner business. Mary claims she also purchased a $10,000 certificate of deposit with proceeds from the sale of that inherited property. At the time of the dissolution hearing, Mary was fifty-three years old and earned an annual gross income of approximately $33,585.

The district court found that the parties' home was valued at $82,900 and subject to a $4,901 mortgage, and that $24,000 of the house value was nonmarital because it derived from Mary's inheritance and from the proceeds of the sale of her premarital home. The court also found the parties owned commercial property valued at $40,000 which was subject to a $20,653 mortgage and that Mary has an $18,800 nonmarital interest in the commercial property. Wayne has a $4,000 nonmarital interest in some South Dakota real estate.

The court determined Mary's biweekly net pay was $1,157, payable twenty times per year, and that she is able to support herself while providing some financial support for Wayne. The court found Wayne's business is unlikely to provide any source of income for him in the future and that Wayne needs financial assistance from Mary because of his age, physical condition, and likelihood of future employment. The court divided the parties' property by decree dated March 17, 1987. The parties moved for amended findings or a new trial.

The dissolution decree was amended by order dated July 28, 1987. The court determined the parties' marital assets totaled $113,838.55. It also determined Mary had $63,639 in nonmarital assets and that the value of Wayne's nonmarital assets was $24,777. The court concluded each party should be awarded the marital portion of his or her pension "free of any claim of the other party" in order to divide the marital assets "evenly and in a manner convenient for the parties." The court awarded the commercial property to Wayne and the homestead property to Mary, but granted Wayne a $53,000 lien against the homestead property. However, the court offset Mary's $18,800 nonmarital interest in the commercial property against Wayne's $53,000 homestead lien, and concluded Wayne was entitled to a $34,200 "net lien" against the homestead property which could be asserted when Mary dies, remarries, or sells the property.

In addition to dividing the parties' assets and personal property, the court concluded each party was responsible for their own health and medical insurance coverage, awarded Wayne $200 in monthly temporary maintenance for two years, and ordered Mary to contribute $500 toward Wayne's

attorney fees. Wayne appeals from the September 1, 1987, judgment.

## ISSUES

1. Did the district court abuse its discretion in dividing the parties' assets?

2. Did the district court abuse its discretion in ordering temporary maintenance?

3. Did the district court abuse its discretion in ordering the respondent to pay $500 to the appellant for attorneys fees?

## ANALYSIS

### 1. Property Division

Upon a dissolution of a marriage, * * * the court shall make a just and equitable division of the marital property of the parties * * * after making findings regarding the division of the property. The court shall base its findings on all relevant factors including the length of the marriage, any prior marriage of a party, the age, health, station, occupation, amount and sources of income, vocational skills, employability, estate, liabilities, needs, opportunity for future acquisition of capital assets, and income of each party. The court shall also consider the contribution of each in the acquisition, preservation, depreciation or appreciation in the amount or value of the marital property, as well as the contribution of the spouse as a homemaker. It shall be conclusively presumed that each spouse made a substantial contribution to the acquisition of income and property while they were living together as husband and wife.

Minn.Stat. § 518.58 (1986). Nonmarital assets may be apportioned between spouses if "either spouse's resources or property * * * are so inadequate as to work an unfair hardship." See id.

> The trial court is accorded broad discretion in dividing property on dissolution of a marriage, and its decision will not be overturned on appeal except for a clear abuse of discretion.

Stevens v. Stevens, 300 N.W.2d 1, 1 (Minn. 1980).

### Homestead Lien

Wayne argues that the district court abused its discretion by granting Mary the homestead property subject to a lien in his favor without also awarding him interest on the lien or establishing a specific date upon which the lien becomes payable. We must affirm the district court's property distribution if the distribution "has an acceptable basis in fact and principle." See Bollenbach v. Bollenbach, 285 Minn. at 426, 175 N.W.2d 148, 154 (1970); see also Rohling v. Rohling, 379 N.W.2d 519, 523 (Minn.1986) (a homestead lien payable in fifteen years was affirmed because it had an "acceptable basis in fact and principle").

After reviewing the record, we conclude the terms of the lien have no acceptable basis in fact or principle. While the court did not abuse its discretion by awarding the homestead property to Mary subject to Wayne's equitable lien, the contingent nature of Wayne's lien interest renders this portion of the property division inequitable. Wayne was sixty-six at the time of the hearing and has some physical disabilities and health problems which decrease his earning capacity. Mary is thirteen years younger than Wayne and has a gross income which is nearly three and one-half times Wayne's income from social security and pension benefits. The existing mortgage on the homestead is minimal and the record does not indicate that division of the property within a reasonable time would create a hardship for Mary. Considering Wayne's age and health problems and the disparities in the parties' incomes, financial resources, and earning capacities, we believe the court erred by failing to establish a specific time period within which Wayne could assert his lien interest in the homestead property. Accordingly, we remand this case to the district court for determination of a reasonable time period within which Wayne may assert his lien.

### Division of Marital Assets

Wayne contends the court awarded him only thirty-four percent of the parties' marital assets. We disagree. While the court initially awarded Mary approximately

$109,072 in marital assets, the court reduced that amount to approximately $56,072, or 49 percent of the total marital assets, because the court awarded Wayne a $53,000 lien against the marital portion of the homestead property.

■ We recognize that Wayne's equitable lien against the homestead was reduced to a "net lien" of only $34,200 after the court offset Mary's nonmarital interest in the commercial property against Wayne's homestead lien. Were it not for the offset, Mary would have been entitled to receive her $18,800 nonmarital interest in the commercial property which was awarded to Wayne. Under the circumstances, the court did not abuse its discretion by dividing the marital property because Wayne effectively realizes the full benefit of his $53,000 homestead lien and consequently receives approximately one-half of the parties' marital property.

### Certificate of Deposit

■ Wayne contends the district court erred by concluding a $10,000 certificate of deposit was a nonmarital asset and by awarding that asset to Mary. Inheritances received by one spouse during a marriage are nonmarital assets. *See* Minn.Stat. § 518.54, subd. 5(a) (1986). The parties do not dispute that Mary inherited money and some property which she later sold. Some of the proceeds from the sale of the property were used to buy the parties' current homestead ($24,000) and some of the proceeds were used to purchase the parties' commercial property ($18,800). Mary testified that she purchased the certificate of deposit with her own funds.

■ It is not possible to determine conclusively from the documentary evidence in the record whether the $10,000 certificate of deposit was a nonmarital asset belonging to Mary because the certificate of deposit could have come from any of various sources. In light of the record on appeal, we conclude the district court was in the best position to determine from the parties' testimony whether the certificate of deposit was nonmarital property. *See* Minn.Stat. § 518.54, subd. 5 (1986) ("The presumption

of marital property is overcome by a showing that the property is nonmarital property."); *see also Svoboda v. Svoboda,* 376 N.W.2d 755, 757 (Minn.Ct.App.1985) (the appellate court "would have to defer to the trial court's opportunity to judge the relative credibility of each spouse" on the nonmarital character of certain assets). Accordingly, we cannot conclude the district court erred by awarding the $10,000 certificate of deposit to Mary as a nonmarital asset.

### Nonmarital Assets

■ Wayne contends the district court erred by failing to award him a portion of Mary's nonmarital assets. Wayne has some physical disabilities and health problems but has a business and apparently is eligible for Medicare. Wayne receives approximately $800 in monthly pension and social security benefits and the record does not indicate his health problems are so severe or his financial resources so limited that the property division results in "an unfair hardship." *See* Minn.Stat. § 518.58 (1986).

### 1986 Tax Refunds

Wayne contends the district court abused its discretion by including expected 1986 tax refunds as a marital asset and by awarding the refunds to him. Wayne asserts he and Mary did not file a joint return for 1986 and argues the court should have ordered the parties to file a joint tax return.

■ The parties treated the expected 1986 tax refunds as a marital asset at the time of the dissolution and presumably could have filed joint tax returns at that time. In her brief to this court, Mary indicated her willingness to file joint returns. Under the circumstances, the court did not abuse its discretion by awarding the expected tax refunds to Wayne as an asset and it did not err by failing to order the parties to file a joint tax return. *Cf. Dahlberg v. Dahlberg,* 358 N.W.2d 76, 82 (Minn. Ct.App.1984) (the court did not abuse its discretion by failing to indicate which party

may claim minor children for federal and state tax purposes).

### Dissipation of Assets

■ Wayne contends Mary dissipated funds from the parties' joint checking account. A party may not dissipate or misuse assets in anticipation of a dissolution. *See Bollenbach*, 285 Minn. at 428, 175 N.W.2d at 155.

■ The record indicates the parties deposited approximately $4,400 in 1985 tax refunds and that $4,000 was withdrawn from the account a couple weeks later and transferred to a "money market." However, the record does not show the funds were improperly transferred or that the court did not consider the funds in the property division. Although it is not clear how many accounts the parties actually had, the court awarded Mary a money market account worth approximately $3,089 at the time of the dissolution. Consequently, Wayne's argument about dissipation is largely irrelevant because even if the $4,000 was marital property and was transferred to a money market account, the court awarded that account to Mary as part of the property division.

### 2. Temporary Maintenance

■ The court ordered Mary to pay Wayne $200 per month in support for two years. Wayne contends the court erred by failing to award him permanent maintenance and a more substantial amount. Trial courts are accorded "wide discretion" in awarding spousal maintenance and in considering the several statutory factors governing spousal maintenance. *See O'Brien v. O'Brien*, 343 N.W.2d 850, 852 (Minn. 1984); Minn.Stat. § 518.552 (1986). The standard of review is "accordingly narrow" and the district court will not be reversed unless the court abused its discretion. *See O'Brien*, 343 N.W.2d at 852.

On an annualized basis, Mary's net monthly income is approximately $1,929. Wayne receives approximately $800 per month in social security and pension benefits. His vacuum cleaner business apparently provides little if any income. The court concluded Wayne needed assistance from Mary because of his age, physical condition and likelihood of future employment. Considering the parties' respective financial resources and needs, the district court did not abuse its discretion by awarding Wayne $200 in monthly maintenance. *See* Minn.Stat. § 518.552, subd. 2 (1986).

The district court's decision to award either temporary or permanent maintenance must be based on its consideration of the relevant factors enumerated in Minn.Stat. § 518.552. Wayne's earning capacity is limited because of his age and health problems, but he is not incapacitated, receives a regular monthly income, and still may operate his business. Wayne also was awarded an equitable portion of the parties' assets and has medical coverage for his health care needs. Under the circumstances, we cannot conclude the district court abused its discretion by awarding Wayne only temporary maintenance.

### 3. Attorney Fees

■ Wayne contends the district court abused its discretion by awarding him only $500 for attorney fees. Although Wayne asserts in his brief to this court that he incurred $5,203.95 in attorney fees and costs through the date of trial, the record before this court contains no evidence of the cost of Wayne's attorney's services. Since there is no evidence of the actual fees, we cannot conclude the district court abused its discretion by awarding Wayne $500 for attorney fees. *See O'Neil v. O'Neil*, 297 Minn. 516, 516, 210 N.W.2d 237, 238 (1973) (awards for attorney fees in dissolution cases generally will not be disturbed absent a clear abuse of discretion).

### DECISION

The district court did not abuse its discretion when it distributed the parties' assets because the property division is equitable. The district court did not abuse its discretion by ordering temporary maintenance because the amount and duration are reasonable and the parties had their own resources and incomes. The court did not abuse its discretion by awarding the appel-

lant $500 for attorney fees. In light of the disparities in the parties' ages, incomes, financial resources, and earning capacities, the district court should have established a reasonable time within which the appellant could assert his equitable lien against the parties' homestead property. We remand for further consideration of that issue.

Remanded.