**In re the Marriage of Judith Jeanne MENTZOS, petitioner, Respondent,**

v.

**Keith Daryle MENTZOS, Appellant.**

**No. C4–83–1859.**

Court of Appeals of Minnesota.

Aug. 28, 1984.

Ronald Resnick, Schoenberger Legal Clinic, Brooklyn Center, for respondent.

Ronald D. Ousky, Legal Advice Clinics, Minneapolis, for appellant.

Considered and decided by PARKER, P.J., and FOLEY and HUSPENI, JJ., with oral argument waived.

## OPINION

PARKER, Presiding Judge.

This is an appeal from a dissolution judgment which awarded respondent/wife title to the homestead, subject to a lien in favor of appellant/husband, which ordered appellant to pay child support, and which provided that child support arrearages would become a charge against appellant's homestead lien. We remand for additional findings.

## FACTS

The parties were married in 1968 and were divorced in September 1983. They have three minor children. The youngest child is 11 years old. The wife has a net income of approximately $800 per month. She was the primary support for the family throughout the marriage. The husband is an unemployed musician and was rarely employed during the marriage.

The parties purchased a home for $20,000 in 1972 on a government subsidy program. Evidence at trial showed it was appraised at $56,166, and $16,488 remained due on the mortgage. The trial court awarded respondent title to the home, subject to a lien in favor of appellant in the amount of $19,838 at eight percent interest. The lien is due when the last child reaches 18 years of age, the home is sold, or the wife dies.

The trial court further ordered appellant to pay $200 per month per child support. Any nonpayment shall be deducted from the appellant's share of the equity in the home. The court did not make a finding as to appellant's earning ability. There is also no finding by the court or allegation by appellant that he is unable to obtain employment.

## ISSUE

Did the trial court abuse its discretion in establishing the amount of child support and authorizing a deduction for any nonpayments against appellant's lien on the homestead?

## DISCUSSION

■ The trial court has broad discretion in the division of property and child support. *Spencer v. Spencer*, 304 Minn. 549, 229 N.W.2d 18 (1975). Appellant received one half of the equity in the homestead, reflecting his presumed contribution to the marital property. Minn.Stat. § 518.58 (1982).

■ Minnesota Statutes § 518.551(5) (Supp.1983) established child support guidelines which were effective August 1, 1983, and are applicable to any decree issued after that date. *Halper v. Halper*, 348 N.W.2d 360, 362 (Minn.Ct.App.1984).

The guidelines are incorporated for use in all child support cases in Minn.Stat. § 518.17(5) (Supp.1983). This statute requires that the court set child support at an amount not less than the guidelines set for public assistance cases unless the court makes express findings of fact. By incorporating the financial guidelines, the statute also adopts the subdivisions governing their use. Section 518.551(5)(e) specifically requires findings to justify an upward departure from the guidelines, as well as a downward departure. *Johnson v. Johnson*, —— N.W.2d ——, —— No. C5–83–1773, slip op. at 4 (Minn.Ct.App. August 14, 1984).

According to the support guidelines, $200 per month for each of three children requires a net income of at least $1800 per month. The trial court did not specifically find that appellant had the earning ability to meet that figure. The findings show

that appellant's actual net income during the marriage was minimal and often non-existent. While it appears that there are no impediments to appellant's earning a sufficient income to provide support for his children, we are reluctant to impose such a substantial burden without an express finding that he is able to pay that amount. The statute mandates such findings, and we are constrained to follow.

## DECISION

Remand for further findings.

HUSPENI, Judge, dissenting.

I respectfully dissent. I would affirm the trial court. Minnesota Statutes Section 518.17(5), which adopts the guidelines outlined for use in public assistance cases, mandates that child support be set in amounts not less than the guidelines "unless the court makes express findings of fact as to the reason for the lower order." It does not require express findings of fact for upward departures. Minnesota Statutes Section 518.551(5)(e) does so require, unless the parties otherwise agree to an upward departure. I do not believe the difference between section 518.17(5) and section 518.551(5)(e) is accidental, but rather that the legislature intended to vest in the trial court the discretion to set appropriate child support under section 518.17 in excess of the 518.551 guidelines without express findings.[1]

There are occasions in which the trial court may create an unusual or unique child support structure that is fair to the parties and that ensures more strongly the security and best interests of the minor children than would one blindly adhering to a rigid statutory scheme. I believe the plain language of Section 518.17(5) allows such a creation. I believe that is what the trial judge did here.

It is clear that, in setting child support, the court considered the husband's asset of nearly $20,000 of homestead equity. This is a financial resource the court may consider in setting child support. Minn.Stat. § 518.17(4) (1982). Child support may be made a lien against marital property awarded in a dissolution decree. Minn. Stat. § 518.57 (1982). The husband has not shown he is unable to earn sufficient funds to pay that child support. The trial court had the discretion pursuant to Minnesota Statutes Sections 518.58 and 518.17(4) to award the entire homestead equity to wife and reserve child support. Instead, it awarded husband a homestead lien and an obligation to pay child support. If husband makes timely child support payments, his lien continues undiminished.

I believe the child support award and the property division here were proper and were within the broad discretion granted to the trial court in choosing among alternative dispositions available to it.

---

1. Of course, the record must always reflect consideration of those factors set forth in Minnesota Statutes Section 518.17(4), to-wit:
 (a) the financial resources and needs of the child;
 (b) the financial resources and needs of the custodial parent;

(c) the standard of living the child would have enjoyed had the marriage not been dissolved;
(d) the physical and emotional condition of the child and his educational needs; and
(e) the financial resources and needs of the noncustodial parent.