**In re the Marriage of Susan D. FUNARI, Petitioner, Appellant,**

v.

**Stephen D. FUNARI, Respondent.**

**No. C0–86–304.**

Court of Appeals of Minnesota.

June 10, 1986.

Carla Wacker, Paige J. Donnelly, Ltd., St. Paul, for appellant.

David K. Meier, Woodbury, for respondent.

Considered and decided by POPOVICH, C.J., and PARKER and CRIPPEN, JJ., with oral argument waived.

## OPINION

PARKER, Judge.

This appeal is from an order establishing child support and modifying visitation. Susan Funari contends the trial court abused its discretion in failing to make the requisite statutory findings to justify an upward deviation from the child support guidelines and to support a modification of the original visitation schedule. We disagree and affirm.

## FACTS

Appellant Susan Funari and respondent Stephen Funari were divorced in April 1984. Pursuant to the judgment and decree of dissolution, the parties were awarded joint legal custody of their two children, ages five and two. Respondent was granted physical custody of the children subject to reasonable visitation, which was set out in a detailed schedule. Establishment of child support was reserved until October 1984, six months from the date of the decree.

In January 1986, after "repeated requests" for income verification from appellant, respondent brought a motion to establish child support. Appellant filed a countermotion seeking, among other things, that the parties be ordered to participate in visitation mediation. The parties submitted affidavits, and a hearing was held. The trial court found appellant able to pay $100 per month child support and ordered such payments to commence February 15, 1986. It also modified the original visitation schedule after concluding "[t]hat the parties are in need of visitation mediation and that in addition to that the parties are in need of a minimal visitation schedule for the benefit of the wife which the parties may modify by mutual consent."

## ISSUE

Did the trial court abuse its discretion in setting the amount of child support or in modifying the visitation schedule?

## DISCUSSION

1. Findings of fact must accompany all support orders, even those not deviating from the guideline amounts set out in Minn.Stat. § 518.551, subd. 5 (1984). *Moylan v. Moylan*, 384 N.W.2d 859, 863 (Minn. 1986). Although the statutory child support guidelines apply to all support cases, in nonpublic support cases such as this, the guideline amounts should not be "blindly applied" and are merely intended as "starting points" for the determination of child support awards. *Moylan*, 384 N.W.2d at 863. The amount computed by the guidelines is merely one factor to be considered, along with the statutory factors set out in § 518.17, subd. 4 (1984). *Moylan*, 384 N.W.2d at 864.

Section 518.17, subd. 4, provides that a court may order either or both parents to pay child support after considering "all relevant factors including:"

(a) The financial resources and needs of the child;

(b) The financial resources and needs of the custodial parent;

(c) The standard of living the child would have enjoyed had the marriage not been dissolved;

(d) The physical and emotional condition of the child, and his educational needs; and

(e) The financial resources and needs of the noncustodial parent.

*Id.* (quoted in *Moylan,* 384 N.W.2d at 863–64.

■ Based on an affidavit submitted by appellant, on the income records she produced, and on her testimony during the hearing, the trial court did make findings in support of its determination of child support. It found that in addition to her stated monthly income of $378.40 from two part-time jobs, appellant receives "unconfirmed" income in the form of tips from both jobs. Based on her affidavit, the trial court found that the financial help she receives from her mother reduces her necessary monthly expenses of $671.18. Appellant's claim that she is restricted by a neck disability was rejected because she presented no documented evidence supporting any injury or medical restriction on her employment. The trial court concluded that appellant "is able to earn an income greater than that which she is presently acknowledging * * * [and that she] is able to make a minimal child support payment * * * in the amount of $100.00 per month."

Appellant contends this award is in excess of 25 percent of her claimed income of $378.40 per month and represents a "gross" upward deviation from the statutory guidelines. We disagree. In view of the nature of her occupation and the evidence presented at the hearing, the award does not represent an upward deviation. Under the guidelines, a child support payment of $100 per month total for two children requires a net monthly income of approximately $550 per month. Minn.Stat. § 518.551, subd. 5; *see also Mentzos v. Mentzos,* 353 N.W.2d 683, 684 (Minn.Ct. App.1984). Based on evidence indicating that appellant's stated income was not accurate and that appellant had a greater earning ability, it was reasonable for the trial court to assume that she earns, or could earn, at least an additional $175 per month, including her tips.

The trial court's findings expressly reflect consideration of appellant's needs, resources, and earning ability, the only real questions raised. This is a pre-*Moylan* case and the trial court's findings substantially comply with *Moylan;* we therefore affirm the determination of child support. *But see Quaderer v. Forrest,* 387 N.W.2d 453 (Minn.Ct.App.1986) (additional findings required under *Moylan* to modify original award of child support to the recommended amount under the guidelines).

2. In the original decree, appellant was granted visitation on alternating weekends and on Tuesday during one week followed by Wednesday through Thursday the next week. The decree provided that visitation and custody counseling could be sought to resolve disputes which might arise over the provisions set out in the decree relating to joint legal custody.

In response to appellant's request for visitation mediation, the trial court changed the visitation days somewhat. Appellant now sees her children every Wednesday through Thursday. This modification does not appear to be significant or to substantially restrict or reduce appellant's time with her children. Moreover, the change in the visitation days appears to be temporary; the court contemplates that, after mediation, the parties will reach an arrangement agreeable to both.

■ Mere clarifications or insubstantial modifications of a visitation schedule are within a trial court's discretion and need not be supported by findings that such modification is in the children's best interests. *See Chapman v. Chapman,* 352 N.W.2d 437, 441 (Minn.Ct.App.1984); Minn. Stat. § 518.175, subd. 5 (1984). We conclude that this modification is minor and well within the trial court's discretion.

## DECISION

The trial court's determination of child support and modification of the visitation schedule are affirmed.

Affirmed.