**In re the Marriage of Nancy (HICKS) Hock–Lien, Petitioner, Appellant,**

v.

**Harley T. HICKS, Respondent.**

No. C6–95–7.

Court of Appeals of Minnesota.

July 11, 1995.

Mark T. Groettum, Hibbing, for appellent.

Gayle M. Lovejoy, Grand Rapids, for respondent.

Considered and decided by CRIPPEN, P.J., TOUSSAINT, C.J., and SCHUMACHER, J.

## OPINION

CRIPPEN, Judge.

Appellant challenges the trial court's decision to retroactively modify child support and to suspend respondent's child support obligation until homestead property is put up for sale. We reverse and remand.

## FACTS

The parties were divorced in 1991. In March 1992, Itasca County Human Services sought adjudication that respondent was in contempt of court for failing to pay child support. Respondent answered in May 1992 and moved for a decrease in child support.

The matter was continued at least four times until January 1993, when the trial court dismissed the order to show cause and "the issues arising" from it. Respondent failed to introduce evidence, conduct discovery, or otherwise pursue his motion to modify his child support obligation.

In January 1994, respondent was again served with process seeking an adjudication of his contempt of court. Again, the matter was continued several times until finally heard in September 1994. Respondent appeared at the hearing without required income documentation, and he made no motion for relief in his favor. Still, the trial court decreased respondent's child support obligation, retroactive to August 1992, and the court suspended respondent's future child support obligation until the former home of the parties was put up for sale. Appellant did not receive notice that her interests could be adversely affected by this hearing, and she did not consult with independent counsel.

## ISSUES

1. Could respondent's child support obligation be modified retroactively where his only prior motion for this judicial action has been abandoned?

2. Did the trial court make adequate findings to support respondent's future child support obligation?

## ANALYSIS

1. *Retroactive child support*

■ Child support can be modified retroactively where "the petitioning party has pending a motion for modification but only from the date of service of notice of the motion on the responding party and on the public authority if * * * the county attorney is the attorney of record." Minn.Stat. § 518.64, subd. 2(c) (Supp.1991). Respondent served appellant with his responsive motion to modify child support on May 15, 1992 but pursued the motion no further. Respondent conducted no discovery, requested no hearings and presented no evidence to support his motion. As a result, respondent is deemed to have abandoned this motion, waiving any claim to retroactive modification

to May 1992 when the motion was served. *See St. Paul, M. & M. Ry. Co. v. Eckel,* 82 Minn. 278, 281–82, 84 N.W. 1008, 1009 (1901) (where there was lack of due diligence in prosecuting claim, moving party guilty of "grossest laches and neglect" and trial court should discourage such a stale claim).

■ Moreover, in this case there are two added reasons why the May 1992 motion could not establish the earliest time for retroactive modification. The pendency of the motion was ended by the court's general dismissal of proceedings in January 1993. And the record fails to indicate that respondent ever served his motion to modify child support on Itasca County Human Services as required by Minn.Stat. § 518.64.

Upon remand, respondent is free to present any cause he has for modification of his child support obligation. If warranted, retroactive relief could be granted to the September 21, 1994 hearing, when the record effectively demonstrated renewed pendency of the modification issue before the trial court.

2. *Inadequacy of Findings*

The trial court has broad discretion to provide for the support of the parties' children. *Rutten v. Rutten,* 347 N.W.2d 47, 50 (Minn.1984). This court will not reverse a trial court's determination of net income if it has a reasonable basis in fact. *Strauch v. Strauch,* 401 N.W.2d 444, 448 (Minn.App. 1987).

■ Appellant characterizes the trial court's decision to suspend respondent's child support obligation, tied to when the homestead is put up for sale, as a property division modification. But the trial court's action was to suspend child support, not to modify occupancy of the homestead or otherwise alter the judgment on marital property. The trial court may modify or even suspend child support if circumstances change and the change is consistent with respondent's income, the needs of the child, and the child's best interests. Minn.Stat. § 518.64, subd. 2; Minn.Stat. § 518.551, subds. 5(c), 5(i) (1994). But in the proceedings in this case the trial

court's findings do not address these statutory considerations. As a result, the court's decision to suspend child support is an abuse of discretion. *Rutten,* 347 N.W.2d at 50.

The trial court did find that appellant makes "about $8000 in net income," but there was no evidence to support this finding. Respondent failed to present any documentation of current or prior earnings, and he stated that he did not know what his income was. The trial court erred in determining respondent's net income because there was no reasonable basis in fact to support the finding. *Strauch,* 401 N.W.2d at 448.

Appellant argues that she was denied the opportunity to consult with counsel prior to the hearing. Upon remand, the court has jurisdiction to act on motions other than respondent's proposal for a contempt finding, and the court may permit presentation of evidence by respondent for modification of his child support obligation, but appellant, who was denied adequate notice in this case, is entitled to notice of the subject of any proceedings that may adversely affect her interests. In this process, she will be afforded the opportunity to consult with counsel prior to the proceedings.

## DECISION

Respondent abandoned his motion for modification of child support due to two years of inaction, and he was not entitled to modification retroactive to any time before September 21, 1994. The trial court's finding concerning respondent's income is not supported by the evidence, and the trial court erred by suspending respondent's child support obligation without other written findings to support its decision.

**Reversed and remanded.**