*This opinion will be unpublished and may not be cited except as provided by Minn. Stat. § 480A.08, subd. 3 (2014).*

**STATE OF MINNESOTA
IN COURT OF APPEALS
A14-1265**

In re the Marriage of:
Chad William Lenway, petitioner,
Respondent,

vs.

Katherine Anne Brown (f/k/a Katherine Anne Lenway),
Appellant.

**Filed March 23, 2015
Affirmed in part and reversed in part
Klaphake, Judge**[*]

Steele County District Court
File No. 74FA092857

Michael J. Corbin, Faribault, Minnesota (for respondent)

Joseph A. Gangi, Farrish Johnson Law Office, Mankato, Minnesota (for appellant)

Considered and decided by Bjorkman, Presiding Judge; Smith, Judge; and Klaphake, Judge.

# UNPUBLISHED OPINION

**KLAPHAKE**, Judge

Appellant Katherine Brown challenges a district court order modifying the parenting-time schedule for her child, arguing that the record lacks evidence to establish

---

[*] Retired judge of the Minnesota Court of Appeals, serving by appointment pursuant to Minn. Const. art. VI, § 10.

that modification is in the child's best interests. Because alteration of parenting time due to the child's extra-curricular activities was a clarification of a previous order and did not require best-interests analysis, we affirm as to that issue. Because modification of respondent Chad Lenway's summer schedule was significant and unsupported by best-interests findings, we reverse as to that issue.

## DECISION

A district court has broad discretion to decide parenting-time questions, and we will not reverse a parenting-time decision unless the district court abused its discretion by misapplying the law or relying on findings of fact that are not supported by the record. *Dahl v. Dahl*, 765 N.W.2d 118, 123 (Minn. App. 2009). A party seeking to modify a parenting-time order must show that modification is in a child's best interests. *See Griffin v. Van Griffin*, 267 N.W.2d 733, 735 (Minn. 1978).

The district court must modify parenting time if it would serve the child's best interests. Minn. Stat. § 518.175, subd. 5(a) (2014). Accordingly, modification of a parenting-time schedule without evidence that it is in the child's best interests is an abuse of discretion. *See In re Adoption of T.A.M.*, 791 N.W.2d 573, 578 (Minn. App. 2010) ("[A] district court abuses its discretion if it acts against logic and the facts on record, or if it enters fact findings that are unsupported by the record, or if it misapplies the law.").

The parties' 2010 decree awarded both parties joint legal and physical custody of their child, A.G.L., and established appellant's home as the primary residence of the child, subject to respondent Chad Lenway receiving parenting time on alternating weekends. The parties also agreed to alternate holidays, split school breaks, and have

2

one week of summer vacation each with A.G.L. After both parties moved to modify parenting time, the district court ordered a parenting-time schedule which, in relevant part, reads:

> **Summer-time.** For summer 2014, [respondent] shall have the joint minor child for the month of August returning the joint minor child to [appellant] on August 29, 2014 at 7:30 p.m. For each subsequent summer beginning in 2015, [respondent] shall have the joint minor child one week after school lets out until one week before school starts, which means [appellant] shall have Labor Day weekend every year.

> . . . .

> **Extra-curricular activities during parenting time.** Parenting time shall control over the joint minor child's extra-curricular activities. Each parent shall be responsible to work out attendance at extra-curricular activities with the joint minor child and her respective coaches.

Appellant argues that the district court altered parenting time by changing the parents' control over extra-curricular activities without an adequate evidentiary basis. But giving parents "joint legal custody" to a child "means that both parents have equal rights and responsibilities, including the right to participate in major decisions determining the child's upbringing." Minn. Stat. § 518.003, subd. 3(b) (2014). And "[j]oint physical custody means that the routine daily care and control and the residence of the child is structured between the parties." *Id.*, subd. 3(d) (2014). The district court's decision regarding extra-curricular activities reflects the egalitarian nature of the parties' legal relationship and merely clarified that the parties' legal status requires that they be granted equal participation in "major decisions" and "routine daily care and control" for A.G.L. *Id.*, subd. 3(b), (d). Therefore, because the district court's decision regarding

3

extra-curricular activities was a clarification rather than a modification, that decision did not need to be supported by best-interests findings. *Funari v. Funari*, 388 N.W.2d. 751, 753 (Minn. App. 1986) ("Mere clarifications or insubstantial modifications of a visitation schedule are within a trial court's discretion and need not be supported by findings that such modification is in the children's best interests."). Thus, we affirm the district court's order with respect to A.G.L.'s extra-curricular activities.

Next, appellant argues that the record does not include evidence that modification of summer parenting time was in A.G.L.'s best interests. We agree. Increasing father's summer parenting time from one week to 11 weeks is more than a "mere clarification" or "insubstantial modification." Significant modifications to a parenting-time schedule "must be supported by findings that the modifications are in the best interest of the children." *Chapman v. Chapman*, 352 N.W.2d 437, 441 (Minn. App. 1984); *see also Moravick v. Moravick*, 461 N.W.2d 408, 409 (Minn. App. 1990) (reversing modification order reinstating father's visitation rights for insufficient findings and remanding for evidentiary hearing to determine child's best interests).

Respondent argues that the district court's order and comments from the bench during the motion hearing implicitly show that the district court considered whether modification of the summer schedule was in A.G.L.'s best interests. However, the district court order contains no reference to the child's best interests. *See Dean v. Pelton*, 437 N.W.2d 762, 764 (Minn. App. 1989) (concluding that the district court was "not making true findings" by merely repeating the parties' arguments).

And although the district court judge made sua sponte statements during the motion hearing, they do not constitute a proper best-interests consideration of whether the parenting time originally ordered should be modified. The district court stated with regard to whether to assign respondent parenting time for the whole month of August, "[A]t least at the grade school age, the activities and the summers are set up in the Cities that they're done by August so parents have a time that they can take vacations and not interfere with [summer activities]." This offhand comment is not a best interests finding—it is not stated as a finding and does not relate to A.G.L., whose summer activities take place in southern Minnesota. *See Dean*, 437 N.W.2d at 764 ("[T]he findings themselves must be affirmatively stated as findings of the [district] court.").

Respondent sought to amend the parenting-time schedule, in part, because it was in A.G.L.'s best interests, and this court has upheld a parenting-time order if "consideration of [the child's] needs and all the statutorily required factors was implicit in the findings that were made." *Lees v. Lees*, 404 N.W.2d 346, 351 (Minn. App. 1987). The district court made no such implicit findings here. In fact, neither party proposed the parenting-time schedule actually assigned by the district court, who said at the motion hearing, "[W]hat I normally do in a joint custody situation is give one parent the school year and one parent the summer." The judge then contradicted the wisdom of this practice by saying, "That said, the reality of the beast is most kids when they go to a strange town, they don't feel comfortable because they don't fit in, their friends aren't there from school." Because statements made by the judge during the hearing on the motion to modify custody show that the parenting-time decision was based on what the

district court judge "normally do[es]" rather than on A.G.L.'s best interests, the district court abused its discretion in modifying the summer parenting-time schedule. *See O'Donnell v. O'Donnell*, 678 N.W.2d 471, 474 (Minn. App. 2004) ("An abuse of discretion occurs when the district court resolves the matter in a manner that is against logic and the facts on record."). We affirm all other provisions of the order.

**Affirmed in part and reversed in part.**