Barbara SLINKARD,
Plaintiff-Respondent,

v.

Norman E. SLINKARD,
Defendant-Appellant.

No. 40332.

Missouri Court of Appeals,
Eastern District,
Division Two.

Oct. 16, 1979.

John William Ringer, Powell, Ringer & Ringer, Dexter, for defendant-appellant.

Walter S. Drusch, Jr., Spradling, Drusch, Dillard & Spradling, Cape Girardeau, for plaintiff-respondent.

STEPHAN, Presiding Judge.

On August 19, 1976, defendant Norman E. Slinkard filed a motion to modify the divorce decree that had, on September 8, 1967, dissolved his marriage to plaintiff Barbara Slinkard.[1] Through a property settlement agreement incorporated in the decree, custody of the parties' two minor children had been established in plaintiff,

---

1. Both parties remarried following the divorce, plaintiff now appearing under the name Barbara Lynn.

with "reasonable visitation rights" held by defendant; in addition defendant was thereby obligated to make monthly support payments to plaintiff of $50.00 per child. Defendant's motion sought termination of his obligation to make those payments; and transfer of custody of the children to defendant (subject to plaintiff's visitation rights) or, in the alternative, the establishment of certain specified periods of partial custody in defendant. At the time the motion was filed, the children, Cheryl and Roger, were respectively sixteen and nine years of age. On March 6, 1978, following a series of hearings on defendant's motion, the court issued an order which provided, inter alia, for the continuation of support payments, plaintiff's retention of major custody of both children, and specified visitation rights in defendant with the parties' son, Roger. The order also gave defendant temporary custody of Roger for two months each summer.

Defendant appeals that portion of the decree ordering plaintiff's continued major custody of Roger, contending that, since the time of plaintiff's remarriage in 1969, plaintiff and her husband, Danny Lynn, have interfered with defendant's visitation rights with his son, and that plaintiff, Lynn and Cheryl have attempted to alienate Roger from him. Defendant also appeals the order of continued support payments for Cheryl, who was of the age of eighteen at the time the order issued. Defendant requests that this court declare the age of majority to be eighteen for the purpose of support payments and his obligation to plaintiff in that regard therefore terminated. We affirm.

■ We believe that the record contains ample evidence to support the ruling of the trial court concerning custody of Roger, *Murphy v. Carron*, 536 S.W.2d 30, 32 (Mo. banc 1976); and as we believe that a detailed discussion of that evidence would be of no precedential value, we affirm in accordance with Rule 84.16(b). We simply note that, although alienation of a child's affections from his natural parent and interference with visitation rights may be grounds for change of major custody, they do not compel such a result. *Hahn v. Hahn,* 569 S.W.2d 775 (Mo.App.1978); *In re Marriage of Agne,* 565 S.W.2d 799 (Mo.App. 1978); *In re Marriage of B_____ A_____ S_____,* 541 S.W.2d 762 (Mo.App.1976). The welfare of the child remains the paramount consideration. *J.L.W. v. D.C.W.,* 519 S.W.2d 724, 729 (Mo.App.1975). In that light, our consideration of the record in its entirety does not engender a firm belief that the issue was wrongly decided. *Murphy v. Carron, supra.*[2]

■ Defendant's second argument must fail for the reason that, in the property settlement agreement under which he incurred the support obligation,[3] defendant agreed to pay support for each child, not until his or her majority, but "until said child becomes self-supporting, marries, dies, or attains the age of twenty-one." This express agreement controls the duration of defendant's obligation.

■ Plaintiff requests that this court assess damages, pursuant to Rule 84.19, for frivolous appeal. As we do not believe that it can be said that defendant's position regarding the custody of his son is "so readily recognizable as devoid of merit on the face of the record that there is little prospect for success," *Means v. Sears, Roebuck & Co.,* 550 S.W.2d 780, 789 (Mo. banc 1977), we deny that request.

The judgment is affirmed.

STEWART and KELLY, JJ., concur.

---

**2.** By our holding herein, we do not wish to minimize the seriousness of the seeming indifference of plaintiff and her family to defendant's rights with his son and feel constrained to caution the parties in that regard. We simply do not feel that their apparent transgressions in that connection mandate reversal of the court's ruling at this time.

**3.** The court's order of March 6, 1978, modifying the original divorce decree, provided that those portions of the decree not superseded by the order were to remain in full force and effect.