**In re the Marriage of Thomas Colin LAWVER, Petitioner, Respondent,**

**v.**

**Judith Anne LAWVER, Appellant.**

**No. C9-84-1396.**

Court of Appeals of Minnesota.

Jan. 15, 1985.

David F. Port, Szarke, West & Trueman, Buffalo, for respondent.

---

James P. Agosto, Monticello, for appellant.

Considered and decided by SEDGWICK, P.J., and FOLEY and CRIPPEN, JJ., with oral argument waived.

## OPINION

CRIPPEN, Judge.

Judith Anne Lawver appeals from a judgment providing for respondent's custody of three of four minor children of the parties. The trial court findings of fact are improper, and the case is remanded.

## FACTS

The nine-year marriage of the parties was dissolved by a judgment entered in May 1984. The parties have had careers in secondary education. They are parents of four sons, Anthony, Nathaniel, Benjamin, and Theodore, presently ages 13, 9, 7 and 3 respectively. A one hour trial in the case was supplemented by a child custody study and an interview of the three older boys by the trial judge. Judith Lawver had been given temporary custody of the four children in February 1983, and the custody study report recommended that she have permanent custody.

The judgment split custody of the children, providing that Judith Lawver would have custody of the youngest of the four boys. Thomas Lawver was awarded weekend and holiday visitation of Theodore. Judith Lawver was awarded similar visitation of her older sons, together with extended visitation during the summer school break.

Only one finding of fact explains the trial court decision:

16. That the court interviewed the three older minor children of the parties in Chambers pursuant to an oral Stipulation of the parties and respective counsel and agreement that neither counsel be present.

The trial judge's interview was not recorded. Neither attorney in the case challenged that procedure.

## ISSUE

Has the trial court made appropriate findings of fact to support its conclusions on child custody?

## ANALYSIS

A child custody decision must be based on the best interests of the child. Minn.Stat. § 518.17, subd. 3 (1984). When examining the interest of a child, the court must consider factors specified in Minn. Stat. § 518.17, subd. 1 (1984), and its findings must reflect that this has happened. *Rosenfeld v. Rosenfeld*, 311 Minn. 76, 249 N.W.2d 168 (1976).

In cases tried without a jury, "the court shall find the facts specially." Rule 52.01, Minn.R.Civ.P. The requirement for special findings calls for particularity and specificity in all trial court findings of fact. This is especially true in custody disputes:

[I]n custody matters and in domestic relations cases generally, a high regard must necessarily be given to the trial court's discretion. Yet, in view of that broad discretion, it is especially important that the basis for the court's decision be set forth with a high degree of particularity if appellate review is to be meaningful.

*Wallin v. Wallin*, 290 Minn. 261, 267, 187 N.W.2d 627, 631 (1971). We have called for trial court practices conforming to the demand in *Wallin*. *Clark v. Clark*, 358 N.W.2d 438 (Minn.Ct.App.1984).

The Minnesota Supreme Court has explained the reasons for demanding "a high degree of particularity" in child welfare findings of fact:

Such findings would (1) assure consideration of the statutory factors by the family court; (2) facilitate appellate review of the family court's custody decision; and (3) satisfy the parties that this important decision was carefully and fairly considered by the family court.

*Rosenfeld*, 311 Minn. at 82, 249 N.W.2d at 171.

Here the findings fail to address the best interests of the children. The parties

have no assurances the child custody decision was reached carefully or fairly. Appellate review of the decision cannot occur.

The decision of the trial court contradicts recommendations in a child custody study. Such a decision may occur, given the broad discretion of the trial court. However, the circumstance enlarges the need for particularized findings.

The need for highly specific findings is further enlarged by the decision to split the custody of the children. We recently observed:

> The choice to split the custody of the children adds to concern for the decision of the trial court. While split custody decisions may be made within the discretion of the trial court, they are viewed as "unfortunate" and are carefully scrutinized. *Schultz v. Schultz*, 266 Minn. 205, 208, 123 N.W.2d 118, 121 (1963). Our statutes require the trial court to consider and evaluate the "interaction and interrelationship" of the child with his siblings, and the trial court here made no findings to show that subject had been considered. Minn.Stat. § 518.-17, subd. 1(c) (1982).

*Rinker v. Rinker*, 358 N.W.2d 165, 168 (Minn.Ct.App.1984). (Footnote omitted).

The parties are permitted to waive the record as they did here. Minn.Stat. § 518.-66 (1984). Nevertheless, the trial court must not subscribe to a choice of the parties for an incomplete record on a part of proceedings the trial court considers critical.

Appellant asserts that the older children express a sense of loss due to separation from their youngest brother, and that the older children were told what to say to the trial judge. These contentions will not be reviewed before being brought before the trial court.

### DECISION

We remand for further action of the trial court. Additional testimony should be taken as needed for adequate findings of fact.

Remanded.