**In re the Marriage of Katherine E. GREIN, petitioner, Appellant.**

v.

**Phillip D. GREIN, Respondent.**

**No. CX–83–1252.**

Supreme Court of Minnesota.

March 8, 1985.

Timothy B. Poirier, Minneapolis, for appellant.

Patrick J. Leary, Marshall, for respondent.

KELLEY, Justice.

Appellant Katherine Grein appeals from an order of the Lyon County Court, which restructured the terms of a judgment providing for the physical custody of the parties' minor child.[1]

We affirm.

The marriage of the parties was dissolved in 1981. The dissolution judgment and decree provided, inter alia, for joint legal and physical custody of the parties' minor child, born September 10, 1980. The decree granted respondent Phillip Grein physical custody of the child for three months of his choosing during each year until the child enrolled in school. Thereafter, he would have physical custody for the three summer months in which school is not in session. The decree awarded appellant physical custody for the remainder of each year. The decree also provided for noncustodial visitation rights—two weekends per month provided 30 days' written notice of intention to exercise the right was given to the custodial parent.

During the marriage the parties resided in Jackson County. Prior to the dissolution appellant left home and went to Lyons County with the child. The marriage dissolution was heard there. Shortly after the entry of judgment, however, appellant moved to Hennepin County where she is employed. Respondent has at all times remained in Jackson County where he farms. Since this dissolution he has remarried. Because of the distances between respondent's Jackson County farm and appellant's Hennepin County residence and employment, when both parties mutually agree on a visitation date, the parties each

1. This appeal was originally taken to the Minnesota Court of Appeals. That court certified the appeal to this court by order dated January 30, 1984. Minn.Stat. § 480A.10., subd. 2(b) (1984).

drive to Mankato where the child is delivered to the noncustodial parent.

At all times since the judgment of dissolution, respondent has scrupulously complied with his obligations under the decree to pay child support and to grant appellant visitation. The same cannot be said for appellant who has repeatedly "attempted to interfere with visitation rights and custody of respondent and the minor child." The trial court found from the extensive court files that at the time of the initial separation appellant refused visitation for six weeks on the unfounded ground that respondent had been physically abusive to her; that she had refused to grant physical custody in violation of a court order claiming that her attorney had misinformed her of its import; that she had made allegations against respondent of child neglect which were later proved to be unfounded; and that she made allegations of child sexual abuse unsubstantiated by any evidence. Moreover, on occasion she denied visitation unless respondent strictly and technically complied with the 30 day written notice requirement. In sum, as the trial court in essence found, there has been a continual and unwarranted interference with respondent's duly established visitation. Based upon those findings, as well as other findings referred to below, the trial court, although retaining joint legal and physical custody as provided in the original judgment and decree, restructured the custody provision so each party had physical custody of the child for six months each year until he started school at which time respondent would have custody during the school year.[2]

■ Appellant first contends that there is insufficient evidence to justify a modification of the custody structure. She argues that the court based its findings upon evidence not presented at the July 14, 1983, hearing and impermissibly focused upon facts contained in the court file. By the very nature of a proceeding wherein both parties ask the court to modify physical custody and visitation rights, a court must rely on the court file for past history. Of course, a court's consideration of such past history must also be restricted to the issues presented. Indeed, appellant's motion was, in part, based upon "all the files and proceedings herein," which indeed are extensive and demonstrate that the problems raised in these proceedings have been festering and are of long standing. The court's consideration of the files was not overly broad. Accordingly, we find no error.

■ The appellant Katherine next contends that the trial court failed to follow the standards mandated by Minn.Stat. § 518.18 (1984). In *State on Behalf of Gunderson v. Preuss*, 336 N.W.2d 546 (Minn.1983), we held that section 518.18(d) establishes a three-part test for modification of child custody orders. That test directs a trial court not to alter the custody arrangement established by the prior order, unless it specifically finds all of the following: (1) a significant change has occurred in the circumstances of the child or his custodian; (2) modification of custody is necessary to serve the best interest of the child; and (3) the child's present environment endangers his physical or emotional health or impairs his emotional development and the harm likely to be caused by a change in environment is outweighed by the advantage of change to the child. *Id.* at 548. We note, however, that *Gunderson* did not raise the issue of interference with visitation nor was it a case where the original custody decree granted parties joint legal and physical custody.[3] Without doubt, in modifying the custody structure in this case, the trial court relied heavily on appellant's persistent interference with visitation rights, and, in our view, rightfully so.

---

2. The order for amended judgment also had specific provisions giving visitation rights to the noncustodial parent.

3. We also note that the order before us for review was dated before our decision in *Gunderson*.

The legislature has clearly expressed its concern that the custodial parent may not unilaterally cause unwarranted interference with the noncustodial parent's visitation rights, and his or her relationship with the child or children. In Minn.Stat. § 518.18(c) (1984), it has provided that the applicable time limitations for the bringing of a custody modification motion are inapplicable "if the court finds that there is persistent and willful denial or interference with visitation, or has reason to believe that the child's present environment may * * * impair his emotional development." Also, the legislature in Minn. Stat. 518.175, subd. 4 (1984) has provided that "Proof of an unwarranted denial of or interference with duly established visitation * * * may be sufficient cause for reversal of custody." When considered in isolation, it is arguable that these statutes allow modification of custody orders if the custodial parent is found to have unwarrantedly interfered with visitation rights. On the other hand, that construction creates an apparent inconsistency when considered with Minn.Stat. 518.18(d) in cases where there has been a finding of unwarranted interference with duly established visitation. We resolve this apparent inconsistency by holding that, in addition to the *Gunderson* three-part test, unwarranted denial of or interference with visitation is one factor to be considered in determining whether custody orders should be modified. In and of itself an unwarranted denial of or interference with visitation is not controlling. Rather, it is to be considered along with Minn.Stat. 518.18(d) as construed by *Gunderson.*[4]

In the instant case, appellant contends that there is no specific finding that a change had occurred in either the child or the custodian and that there was no specific finding that the harm likely to be caused by a change in environment is outweighed by the advantage of change to the child. Respondent replies that, although the court did not make findings specifically establishing those elements, the court's findings taken as a whole clearly showed a change in circumstances and that the modification was in the best interest of the child.

Based upon the evidence adduced at the hearing and all the files and records before the trial court, it is clear that the court made the three findings necessary to support a modification of the original custody order. *See Gunderson*, 336 N.W.2d at 548. First of all, the court found there was no evidence to substantiate appellant's allegations that the child had been sexually abused by his father. Secondly, the court found clear evidence that since the inception of the dissolution action, appellant persistently attempted to interfere with visitation and custody rights of the respondent to the extent of disobeying court orders and making allegations of child neglect which, after investigation by a public health nurse and social worker, were proved to be unfounded. Moreover, the trial judge expressly addressed the welfare of the child when he found that respondent is more capable of providing for the mental and emotional development of the child, and that the latter's best interest required that respondent be granted a larger role in the child's upbringing and the time he spends with his son. The court likewise took note of appellant's continued suspicious and accusatory nature which may have an adverse effect on the child and his relationship with his father. Since all those findings were supported in the files and records, it seems clear that the court, although relying heavily on Minn.Stat. 518.-175, subd. (4), made substantially sufficient findings to support modification under

---

**4.** Other jurisdictions with similar statutes have likewise ruled that denial of or interference with visitation is only one factor to be considered when determining whether custody should be changed or modified. *See In re Marriage of Ciganovich*, 61 Cal.App.3d 289, 132 Cal. Rptr. 261 (1976); *Slinkard v. Slinkard,* 589 S.W.2d 635 (Mo.App.1979); *Lopez v. Lopez,* 97 N.M. 332, 639 P.2d 1186 (1981); *cf. Entwistle v. Entwistle,* 61 App.Div.2d 380; 402 N.Y.S.2d 213 (1978) (custodial parent's interference with the other parent's visitation rights is so inconsistent with the child's best interests as to, per se, raise a strong probability that custodial parent is unfit).

Minn.Stat. 518.18(d) and our decision in *Gunderson.* Physical custody was properly modified to give respondent a somewhat larger role in his son's upbringing.

We could, of course, remand the case to the trial court for specific findings as mandated in *Gunderson.* However, it seems clear from reading the files, the record, and the court's findings, on remand the trial court would undoubtedly make findings that comport with the statutory language. In our view, remand for further proceedings would not further the legislative purpose of Minn.Stat. § 518.18 in the circumstances here presented. Accordingly, we affirm.