**In re the Marriage of Jean M. DEAN, f.k.a. Jean M. Pelton, Petitioner, Respondent,**

v.

**Joseph E. PELTON, Appellant.**

**No. C0–88–2445.**

Court of Appeals of Minnesota.

April 4, 1989.

Peder B. Hong, Hong & Miller, Red Wing, for petitioner, respondent.

Mark J. Vierling, Eckberg, Lammers, Briggs, Wolff & Vierling, Stillwater, for appellant.

Considered and decided by NIERENGARTEN, P.J., and NORTON and MULALLY,* JJ., without oral argument.

## OPINION

EDWARD D. MULALLY, Judge.

Joseph Pelton appeals the trial court's amended judgment awarding respondent Jean Dean, f.k.a. Jean Pelton, an increase in child support for the couple's 16–year-old son. We reverse and remand.

## FACTS

When the parties' marriage was dissolved in 1974, respondent Dean was granted custody of the parties' only child, then age two, and awarded $150 monthly child support. In July 1988, Dean commenced this action for increased child support. The trial court subsequently modified the child support award to $600 per month. On appeal, Pelton claims the trial court's findings are insufficient to support any modification and that the trial court abused its discretion in awarding $600 in child support where it found the child's monthly expenses to be only $510.

## ISSUE

Were the trial court's findings sufficient to support its award modifying child support?

---

\* Acting as judge of the Court of Appeals by appointment pursuant to Minn. Const. art. VI, § 2.

## ANALYSIS

A trial court may modify a child support award upon a showing of one or more of the following:

> (1) substantially increased or decreased earnings of a party; (2) substantially increased or decreased need of a party; (3) receipt of assistance under sections 256.-72 to 256.87; or (4) a change in the cost-of-living for either party as measured by the federal bureau of statistics, *any of which makes the terms unreasonable and unfair.*

Minn.Stat. § 518.64, subd. 2 (Supp.1987) (emphasis added). When ruling on a motion for child support modification, the trial court "shall take into consideration the needs of the children and shall not consider the financial circumstances of each party's spouse, if any." *Id.* Thus, the statute requires a two-step analysis. First, the trial court determines whether any of the four factors, alone or in combination, creates a substantial change in circumstances warranting modification of child support. If a modification is warranted, the trial court then considers the children's needs and the parties' financial circumstances to determine the appropriate amount of modification. *Moylan v. Moylan,* 384 N.W.2d 859, 864 (Minn.1986). Whether modification is warranted and the amount of modification are decisions left to the trial court's discretion, and an appellate court will reverse for an abuse of discretion only where it finds a "clearly erroneous conclusion that is against logic and the facts on record." *Id.* (quoting *Rutten v. Rutten,* 347 N.W.2d 47, 50 (Minn.1984)). Although these decisions are within the trial court's discretion, the trial court must make appropriate findings to indicate it considered all the appropriate factors in making its decisions.

We conclude the trial court did not make adequate findings on either part of the analysis; therefore, for the reasons enumerated below, we reverse and remand for additional findings of fact.

1. The trial court stated in Finding #4 that it did not have an accurate measure of the parties' monthly living expenses when their marriage was dissolved in 1974. Since it could not determine the parties' living expenses at the time of dissolution, the trial court had insufficient information to determine whether the needs of the parties had substantially increased or decreased making the terms of the original support order unfair. *See* Minn.Stat. § 518.64, subd. 2(2). On remand, therefore, the trial court must make findings as to the parties' prior monthly living expenses. As there may be no documentation of these prior expenses, the trial court may need to obtain affidavits or testimony in making its findings.

2. In Finding Nos. 4, 5, 7 and 9 the trial court prefaces its statements with phrases such as "petitioner claims," "according to petitioner's application," and "respondent asserts." By doing so, the trial court is not making true findings but merely reciting the parties' claims. *See Daily v. Daily,* 433 N.W.2d 152, 155 n. 1 (Minn.Ct.App.1988) (Huspeni, J., concurring in part and dissenting in part). Reciting the parties' claims may be helpful in understanding what the trial court considered in making its findings; however, the findings themselves must be affirmatively stated as findings of the trial court. *See id.; see also Quaderer v. Forrest,* 387 N.W.2d 453, 457 (Minn.Ct.App.1986) (trial court itself must determine the amount of a party's reasonable expenses).

3. The trial court stated in Finding No. 5 that Dean and Pelton claim monthly consumer debt in the amounts of $1,252 and $130, respectively. Generally, a trial court should consider a parent's debt as a monthly expense only when the trial court "determines that the debt was reasonably incurred for the necessary support of the child or parent or for the necessary generation of income." Minn.Stat. § 518.551, subd. 5(c)(2) (1986). On remand, the trial court should consider the nature of these debts and make appropriate findings as to whether they were incurred for the necessary support of the parent or child or generation of income.

Pelton also claims the trial court erred by including Dean's husband's ex-

penses as part of Dean's expenses. Dean expressly stated in her supplemental affidavit that the expenses she listed were solely for herself and two children, not for her husband. Consequently, contrary to Pelton's assertion, it appears the trial court properly refused to consider Dean's husband's expenses.

 4. A trial court's findings must indicate it considered the following five factors set forth in Minn.Stat. § 518.551, subd. 5(b) (1986):

> (1) all earnings, income, and resources of the parent, including real and personal property;
>
> (2) the financial needs and resources, physical and emotional condition, and educational needs of the child or children to be supported;
>
> (3) the standards of living the child would have enjoyed had the marriage not been dissolved;
>
> (4) the amount of the aid to families with dependent children grant for the child or children; and
>
> (5) the parents' debts [related to providing for the children's needs].

*See Scearcy v. Mercado,* 410 N.W.2d 43, 45–46 (Minn.Ct.App.1987).[1]

In this case, we see no findings indicating the trial court considered the child's physical and emotional condition or his educational needs. *See* Minn.Stat. § 518.551, subd. 5(b)(2). In addition, as discussed above, there are insufficient findings relating to the parties' debts. *See* Minn.Stat. § 518.551, subd. 5(b)(5) (on remand, the trial court's findings must indicate it considered these factors).

5. As required by section 518.551, subd. 5(b)(2), the trial court in Finding No. 6 determined that the child's financial needs were $510 per month. It is unclear, however, whether this means a total of $510 per month, or $510 per month *in addition* to what he was already receiving from his mother. Consequently, this finding must be clarified.

 As a final matter, we note that Pelton claims the trial court erred in not ordering Dean to produce her husband's income tax return. Because Pelton made no request on the record for such an order, there was no error. Furthermore, a trial court would rarely, if ever, be required to order the production of a party's spouse's tax returns because Minn.Stat. § 518.64 expressly states that the trial court shall not consider the financial circumstances of each party's spouse.

### DECISION

The trial court's order granting Dean's motions for child support modification is reversed and the matter is remanded for further proceedings and findings in accordance with this opinion.

Reversed and remanded.

---

1. Under *Moylan,* trial courts were to consider factors set forth in Minn.Stat. §§ 518.17, subd. 4 and 518.551, subd. 5 (1984). Since *Moylan,* section 518.17, subd. 4, has been repealed, and the factors to be considered are now all consolidated in section 518.551, subd. 5(b). *Scearcy,* 410 N.W.2d at 45–46.