**In re the Matter of Ronald Eugene RUTANEN, Petitioner, Appellant,**

**v.**

**Joyce Lynn OLSON, Respondent.**

**No. C4–91–496.**

Court of Appeals of Minnesota.

Sept. 24, 1991.

Gail Murray, Naughtin, Mulvahill & Murray, Hibbing, for appellant.

Paul G. Thibeault, Anishinabe Legal Services, Cass Lake, for respondent.

Considered and decided by HUSPENI, P.J., and NORTON and PETERSON, JJ.

## OPINION

HUSPENI, Judge.

Appellant alleges that the trial court erred when it awarded physical custody of the parties' children to respondent because evidence on record does not support such a result. We affirm.

## FACTS

Appellant Ronald Eugene Rutanen and respondent Joyce Lynn Olson lived together in Deer River, Minnesota, for four years before their separation in February 1990. They have two children, a son born July 4, 1986, and a daughter born November 8, 1987. Appellant has acknowledged Leah and Lucas as his own children by registering himself as their father with the department of vital statistics and by holding them out as his biological children. Respondent also has another child from a prior relationship, Mary Elizabeth Olson, born September 28, 1981.

When the parties began their relationship, appellant was in school, pursuing an associate degree in counseling, and respondent was home with the children. When respondent enrolled in school, pursuing a degree in human services, appellant's mother and sister provided day care for the children. Since appellant has earned his degree, he has worked nights as a counselor for a juvenile crisis center. He stayed home during the day with the children while respondent attended class and in-

terned. Respondent was home evenings and nights with the children.

When the parties separated in February 1990, respondent and the children moved into her father's home and remained there until May or June 1990 when she purchased a used trailer home on a lot near her father's home. This trailer, which had no heat or plumbing, was in need of major repair. Respondent and children moved into the trailer, and respondent made improvements as her budget allowed. Appellant remained in the trailer home where the parties and minor children had lived together as a family.

As a result of respondent's refusal to allow appellant to see the children after the separation, appellant brought an action for temporary visitation and filed a petition for physical custody of the children. During the pendency of the custody action, the court ordered a custody study and issued two orders establishing temporary visitation rights for appellant and temporary physical custody in respondent.

The county social worker who conducted the custody study visited each party three times. The custody report described the home environment each parent created for the children and the manner of interaction between parent and child in everyday situations. The report characterized appellant as providing a neat home with a stable disciplinary routine and healthy interaction with the children; it characterized respondent as providing a rather chaotic home with little discipline for the children. The county social worker recommended that physical custody be granted to appellant because he provided a healthier, more stable environment for the children. After a two day evidentiary hearing, the trial court granted legal custody jointly to the parties. It granted sole physical custody to respondent. The trial court subsequently denied appellant's motion to amend the findings.

### ISSUES

1. Did the evidence support the trial court's findings and the findings support the judgment granting physical custody of the children to respondent?

2. Did the trial court err when it awarded custody against the recommendation of the custody study report and made no findings addressing the study?

### ANALYSIS

### I.

■ Initially, we note that the trial court must determine custody under Minn.Stat. §§ 518.17 and 518.175 (1990) when "paternity has been acknowledged under section 257.34 and paternity has been established under [Minn.Stat. §§ 257.52 to 257.74]." Minn.Stat. § 257.541, subd. 2 (1990). Appellant here acknowledged paternity when he registered Lucas and Leah as his children with the department of vital statistics in accord with Minn.Stat. § 257.55, subd. 1(e) (1990). He established paternity under Minn.Stat. § 257.55, subd. 1(d), when he held them out as his children since birth. On this record, the trial court properly considered this petition for custody under the authority of sections 518.17 and 518.175.

When determining custody, the court must conduct a "best interests" analysis which requires consideration of all relevant factors, including:

(1) the wishes of the child's parent or parents as to custody;

\* \* \* \* \* \*

(3) the child's primary caretaker;

(4) the intimacy of the relationship between each parent and the child;

(5) the interaction and interrelationship of the child with a parent or parents, siblings, and any other person who may significantly affect the child's best interests;

(6) the child's adjustment to home, school, and community;

(7) the length of time the child has lived in a stable, satisfactory environment and the desirability of maintaining continuity;

(8) the permanence, as a family unit, of the existing or proposed custodial home;

(9) the mental and physical health of all individuals involved; [and]

(10) the capacity and disposition of the parties to give the child love, affection,

and guidance, and to continue educating and raising the child in the child's culture and religion or creed, if any.

\* \* \* \* \* \*

The court may not use one factor to the exclusion of all others. The primary caretaker factor may not be used as a presumption in determining the best interests of the child. The court must make detailed findings on each of the factors and explain how the factors led to its conclusions and to the determination of the best interests of the child. Minn.Stat. § 518.17, subd. 1.

In custody determinations, appellate review is limited to determining whether the trial court abused its discretion by making findings unsupported by the evidence or by improperly applying the law. *Sheeran v. Sheeran*, 401 N.W.2d 111, 113 (Minn.App.1987). This court must affirm the findings unless they are clearly erroneous. *Id.*

█ The trial court addressed each of the section 518.17 factors in its findings. However, appellant alleges that several of the findings were unsupported by the evidence. We will address each challenge in turn.

Appellant first argues that he, rather than respondent, was the primary caretaker of the children and therefore should have been granted physical custody. We cannot agree. In 1990 the Minnesota legislature eliminated the presumption that unless deemed unfit, the primary caretaker was to be granted custody, and declared, "The court may not use [the primary parent] factor to the exclusion of all others." Minn.Stat. § 518.17, subd. 1. Here, the trial court properly conducted a complete best interests analysis under section 518.-17.

To the extent that the trial court emphasized the primary caretaker factor in its findings, we conclude it did so because appellant made the primary caretaker issue the gravamen of his custody request. Appellant stressed his active role in caring for the children during the ten months prior to the parties' separation as well as during the separation. He testified that prior to the separation, he helped clothe and care for the children; he cooked meals a few times each week; he played with the children, woke them, put them to bed, and bathed them occasionally. He testified that after the separation he cared for the children every other weekend and every Monday–Wednesday 9:00 a.m.–5:00 p.m. The trial court, while not discounting appellant's efforts in caring for the children, also had to consider the parties' parenting roles during the children's entire lives, not merely during the year preceding separation and the period after separation.

Respondent agreed that appellant had assisted with caring for the children. She testified, however, that she had tended to the children's needs more often and more automatically than appellant had. The trial court's determinations that "the children generally looked first to [respondent] concerning their physical and emotional needs" and that respondent was the primary parent are amply supported by the record.

Appellant next argues that the custody study disproves the trial court's finding that the children are "reasonably well-adjusted to their home, day care and community." We cannot agree. The day care provider testified that the children were adjusting well and not experiencing any serious problems as a result of their home environment with respondent. In addition, respondent and her sister testified to the children's healthy adjustment to the custody arrangement. The trial court evaluated the credibility of these witnesses and decided what weight to accord evidence on this issue. *Sheeran*, 401 N.W.2d at 114. The record supports the trial court's finding on the children's adjustment to home, day care and community.

█ Finally, appellant argues that the evidence did not establish that respondent would "offer the children a stable, satisfactory home environment." Again, we disagree. The record does contain evidence to support this finding. Respondent testified to her progress in renovating her trailer home as her budget allowed. At the time of the hearing, all utilities in the trailer

were fully functioning. In addition, although respondent demonstrated a somewhat less-structured approach to rules and discipline in child-rearing than either appellant or the social worker would advocate, she did testify regarding her concern for her children and her desire to provide a good home for them. The record supports the trial court's finding on this issue.

## II.

In contested custody proceedings, * * * the court may order an investigation and report concerning custodial arrangements for the child. The investigation and report may be made by the county welfare agency or department of court services.

Minn.Stat. § 518.167, subd. 1 (1990). The decision to order a custody study will not be overturned absent an abuse of the court's discretion. *Meyer v. Meyer*, 375 N.W.2d 820, 826–27 (Minn.App.1985), *pet. for rev. denied* (Minn. Dec. 30, 1985). As an exercise of that discretion, the trial court may refuse to accept the study's recommendation for custody. *Roehrdanz v. Roehrdanz*, 410 N.W.2d 359, 362 (Minn. App.1987), *pet. for rev. denied* (Minn. Oct. 28, 1987); *Lawver v. Lawver*, 360 N.W.2d 471, 473 (Minn.App.1985).

In *Roehrdanz*, this court affirmed a custody determination in which the trial court set out, among other factors, its reasons for rejecting the custody study recommendation. 410 N.W.2d at 362. In *Lawver*, the trial court awarded custody contrary to the study recommendation, but made no findings regarding the best interests of the child. 360 N.W.2d at 473. This court remanded in *Lawver*, noting:

> Here the findings fail to address the best interests of the children. The parties have no assurances the child custody decision was reached carefully or fairly.

Appellate review of the decision cannot occur.

The decision of the trial court contradicts recommendations in a child custody study. Such a decision may occur, given the broad discretion of the trial court. However, the circumstance enlarges the need for particularized findings.

*Id.* at 472–73.

This case falls between *Roehrdanz* and *Lawver*. The trial court here did not follow the study's recommendation and did not make findings regarding its rationale for rejecting the custody study recommendation. The trial court did, however, provide detailed findings which reflect a complete analysis of the same factors concerning the children's best interests as the custody study had raised. These findings demonstrate that the trial court conscientiously and thoroughly considered the best interests of the children consistent with all factors set forth in Minn.Stat. § 518.17 before it granted custody to respondent. In view of these detailed findings, the trial court did not abuse its discretion in making no reference to the custody study report.

## DECISION

The record contains sufficient evidence to support the trial court's findings. The findings support the award of physical custody of the parties' children to respondent. The court acted within its discretion when it made no reference to the custody study recommendation and awarded custody to respondent based upon a thorough best interests analysis.

Affirmed.