**In re the Marriage of Karen Lee ROGGE, Petitioner, Appellant,**

v.

**Leonard John ROGGE, Jr., Respondent.**

**No. C2–93–1179.**

Court of Appeals of Minnesota.

Dec. 7, 1993.

Review Denied Jan. 28, 1994.

**164**

Michael D. Dittberner, Kissoon Law Office, Edina, for appellant.

Harold R. Wingerd, St. Paul, for respondent.

Considered and decided by ANDERSON, C.J., and HUSPENI and SHORT, JJ.

## OPINION

ANDERSON, Chief Judge.

Appellant Karen Lee Rogge seeks review of the trial court's modification order and judgment granting sole legal and physical custody of the parties' child to respondent Leonard John Rogge, Jr. Because the record does not reflect that the trial court considered certain critical "best interest" factors under Minn.Stat. § 518.17, subd. 1(a) (1992), we remand for additional findings.

## FACTS

The parties' seven-year marriage was dissolved in 1986, and appellant received sole legal and physical custody of the parties' child B.L.R., born in February 1985. Appellant and B.L.R. continued to live in the marital homestead. Appellant has not remarried. Respondent remarried in 1989, and his household now includes his wife and her 13-year-old daughter.

Visitation has been a chronic problem for the parties. To resolve their disputes, the parties frequently sought assistance from the Domestic Relations Unit of the Washington County Department of Court Services. In 1991, the visitation problem intensified when respondent attempted to obtain court-awarded summer visitation. In June 1991, the trial court granted respondent's motion to revise the visitation schedule, awarded him nine days of compensatory visitation, and appointed a guardian ad litem for B.L.R.

In August 1991, appellant refused to allow visitation, claiming B.L.R. had reported abuse while in respondent's care. Respondent moved for modification of custody and a contempt order. The trial court found that appellant was in contempt for refusing to allow visitation, that appellant's abuse allegations were unsubstantiated, and that her refusal of visitation was unjustified. The court also directed a custody evaluation because respondent had presented a prima facie case for modification of custody.

The year-long custody evaluation involved psychological evaluations of B.L.R. and the parties, as well as a separate custody evaluation. During the evaluation process, the parties participated in counseling to improve their communication and co-parenting skills. Counseling was unsuccessful.

Both parties' psychological test results were within normal limits, but indicated distinctly different personality traits. Respondent's test results suggested certain rigidity or compulsive aspects to his personality. The test results also implied that appellant is more emotionally reactive and dependent than the average person.

Appellant's therapist, Dr. Jack Schaffer, concluded that appellant had not disengaged herself from the dissolved marital relationship. Donna Cairncross, a counselor who examined the emotional impact of the parties' conduct on B.L.R., shared Schaffer's opinion. Cairncross also stated that appellant failed to acknowledge respondent's positive attributes and did not recognize a need to change her behavior.

Dr. Susan Lund conducted B.L.R.'s psychological evaluation in June through August 1992. Lund found B.L.R. suffers from serious emotional problems, that B.L.R.'s emotional development was adversely affected by the visitation and custody disputes, that the parties have difficulty responding to B.L.R. as an individual rather than as an extension of themselves or each other, and that appellant was B.L.R.'s primary caretaker. Lund recommended ongoing therapy for B.L.R. and the parties, but concluded that custody should not be modified "at this time" because increased separation from appellant would exacerbate B.L.R.'s anxiety disorder. Lund

did recommend reconsidering custody modification if appellant "sabotages" the recommendations made by her or by B.L.R.'s therapist.

Both the custody evaluator, Donna Berner, in her September 1992 report, and the guardian ad litem, Mary Buxton, in her October 1992 report, concluded that appellant had obstructed respondent's attempts to establish a relationship with B.L.R. and that this behavior endangered B.L.R.'s healthy development. But neither Berner nor Buxton recommended an immediate custody modification based on Lund's opinion that a change would be devastating to B.L.R. Berner recommended that the custody decision be deferred for six months while B.L.R. and the parties participated in therapy.

In February 1993, the trial court conducted a seven-day evidentiary hearing. In May 1993, the trial court granted the modification motion and awarded sole physical and legal custody of B.L.R. to respondent. This appeal followed.

## ISSUE

Are the trial court's findings adequate to sustain a custody modification where the court failed to make specific findings on all the appropriate "best interest" factors?

## ANALYSIS

■ A custody modification requires findings that a change has occurred in the child's or custodian's circumstances that makes modification necessary to serve the child's best interests. *State ex rel. Gunderson v. Preuss,* 336 N.W.2d 546, 548 (Minn. 1983). The trial court must retain the custody established by the prior order unless

> the child's present environment endangers the child's physical or emotional health or impairs the child's emotional development and the harm likely to be caused by a change of environment is outweighed by the advantage of a change to the child.

Minn.Stat. § 518.18(d)(iii) (1992).[1] When the court grants a custody modification motion, specific findings showing that the court considered the factors listed under Minn.Stat. §§ 518.17–.18 are "absolutely required." *Abbott v. Abbott,* 481 N.W.2d 864, 867 (Minn. App.1992).

■ Although the trial court made specific findings to support its conclusions that a substantial change in circumstances had occurred and that B.L.R. was endangered in his present placement, the court failed to make findings on certain "best interests" factors. Appellant argues that this omission requires a remand. We agree.

In determining the child's best interests, a trial court must consider "all relevant factors," including the 12 factors defined by statute. *See* Minn.Stat. § 518.17, subd. 1(a) (1992) (the court must make detailed findings on each factor and explain how the factors led to its best interest determination).

Here, the trial court did not address each relevant statutory factor. The court did make findings that appear to address the factors of the intimacy of the parties' relationships with B.L.R., B.L.R.'s interaction with the parties and his stepsister, the mental and physical health of the individuals involved, and the parties' capacity and disposition to give B.L.R. love, affection, and guidance.[2] *See* Minn.Stat. § 518.17, subd. 1(a)(4), (5), (9), and (10).

The trial court, however, failed to address other significant factors such as B.L.R.'s preference and the "continuity" factors. Because the record indicates these factors may not favor modification, the court's failure to address them is particularly troublesome.

First, the trial court failed to consider B.L.R.'s preference. While the court did not ask B.L.R. his custodial preference, all the professionals testified that he preferred to remain with appellant. The court may have found that B.L.R. is not of sufficient age to

---

1. Neither of the alternative grounds for modification is claimed here. *See* Minn.Stat. § 518.18(d)(i), (ii) (custodian's agreement to the modification; child's integration into petitioner's family).

2. Several of the trial court's "findings" consist simply of recitation of the testimony and are not true findings. *See Dean v. Pelton,* 437 N.W.2d 762, 764 (Minn.App.1989) (findings must be affirmatively stated as findings of the trial court).

express a preference or that his preference is outweighed by other factors. *See Roehrdanz v. Roehrdanz,* 438 N.W.2d 687, 691 (Minn. App.1989) (custodial preference is but one factor among many that a court uses to assess the best interests of a child), *pet. for rev. denied* (Minn. June 21, 1989). But, without a finding, this court is unable to determine how B.L.R.'s preference affected the court's decision.

Second, the trial court failed to address the "continuity factors," which include: B.L.R.'s primary caretaker; his adjustment to home, school and community; the length of time B.L.R. has lived in a stable satisfactory environment; the desirability of maintaining continuity; and the permanence, as a family unit, of the existing or proposed custodial home. *See* section 518.17, subd. 1(a)(2), (3), (6)–(8). It is undisputed that appellant has been B.L.R.'s primary caretaker throughout his life. There was uncontradicted testimony that B.L.R. is doing well in school, has many neighborhood friends, and is involved in sports activities in the community. Again, the court failed to address how its determination of B.L.R.'s best interests was affected by custody modification's disruption of these relationships. The court may have concluded that other factors outweighed the "continuity" factors. *See* Minn.Stat. § 518.17, subd. 1(a) (the court may not use one factor to the exclusion of all others, and the primary caretaker factor may not be used as a presumption in determining the best interests of the child). Without findings, meaningful appellate review is impossible.

Our supreme court prohibited this court's independent review of the record in most instances, holding that such action is improper where "it is unclear whether the trial court considered factors expressly mandated by the legislature." *Moylan v. Moylan,* 384 N.W.2d 859, 865 (Minn.1986). As discussed above, it is unclear whether the trial court considered all of the relevant "best interests" factors that may favor appellant's retention of custody. Accordingly, a remand is required. *See Abbott,* 481 N.W.2d at 867 (appellate courts have unwaveringly remanded decisions modifying custody when the trial court has not included findings adequate to

demonstrate that the appropriate factors were considered before the motion was granted).

■ Appellant contends that the record cannot support a conclusion that modification is in B.L.R.'s best interests because none of the professionals recommended immediate modification. We disagree. *See Rutanen v. Olson,* 475 N.W.2d 100, 104 (Minn.App.1991) (district court has discretion not to follow custody recommendation). This court has required, however, that the trial court either (a) express its reasons for rejecting the custody recommendation, or (b) provide detailed findings that examine the same factors the custody study raised. *Id.* Because the modification order fulfills neither requirement, a remand is also necessary.

We recognize a remand will extend the period of anxiety and uncertainty for B.L.R. and the parties. Yet we are unable to agree with the dissent that a remand is unnecessary based on this record. *Cf. Grein v. Grein,* 364 N.W.2d 383, 387 (Minn.1985) (remand would not further the legislative purpose of section 518.18 where it seems clear from the record that on remand the trial court would make findings comporting with the statutory language).

■ The modification order in this case contains ample findings to support the trial court's conclusion that appellant obstructed respondent's visitation. *Grein,* however, establishes that an unwarranted denial of or interference with visitation is not controlling. *Grein,* 364 N.W.2d at 386. Based on its own review of the record, the *Grein* court concluded the trial court had made "substantially sufficient" findings to support modification. *Id.* But *Grein* is not controlling because our supreme court subsequently held that this court's independent review of the record is improper where, as here, it is unclear whether the trial court considered factors mandated by the legislature. *See Moylan,* 384 N.W.2d at 865.

We recognize that the change in custody was not stayed pending appeal and that B.L.R. has been in respondent's custody since June 1993. On remand and pending further proceedings of the trial court consis-

tent with this opinion, we recommend that custody of B.L.R. remain with the respondent. Further, the trial court may take additional evidence about B.L.R. and the parties since the custody modification hearing.

Finally, we note that the parties appear to be responsible and intelligent people who both love B.L.R. Yet they have permitted their protracted legal battle to adversely affect B.L.R. B.L.R. is only 8½ years old and needs the love and nurturing influence of both parents, and both parents need to acknowledge this fact. The parties have only a short period of time to give B.L.R. that love and support before he becomes an adult. They must realize that they are the ones who have the real power to make the decisions that are in the best interests of B.L.R. If the parties acknowledge that they have this power and act accordingly, B.L.R.'s best interests will be served.

## DECISION

The trial court's custody modification order is remanded for findings addressing all of the appropriate best interests factors and further proceedings consistent with this opinion. The trial court's proceedings on remand should be expedited.

**Remanded.**

SHORT, Judge (dissenting).

I respectfully dissent. The trial court did not abuse its discretion in finding the child's present environment endangers his emotional health and has impaired his emotional development. The record demonstrates: (a) the child suffers from separation anxiety disorder and has a history of emotional deprivation; (b) the mother is insensitive to the child's need to develop a father-child relationship; (c) allegations of sexual abuse by the stepsister were unsubstantiated and the interview sessions with the child were abusive; (d) the mother has interfered with the father's visitation rights; (e) the mother failed to inform the father of the child's hospitalization and instructed the child's physician to deny the father any access to records; (f) father's access to the child has been very difficult; (g) the dynamics of the Rogges' relationship have been destructive to the child's emotional development; and (h) the Rogges' relationship will not likely improve. During the seven-day hearing, the trial court took testimony from numerous witnesses, including the guardian ad litem, a child custody evaluator, the parties' joint counseling psychologist, a child protection services worker, and a court-appointed therapist. The trial court evaluated the evidence under the test set forth in Minn.Stat. § 518.18(d) (1992), and concluded a change of custody was in the best interests of the child. *See* Minn.Stat. § 518.17 (1992) (factors relevant to the best interests of the child); *State ex rel. Gunderson v. Preuss*, 336 N.W.2d 546, 548 (Minn. 1983) (holding factors set forth in Minn.Stat. § 518.18(d) must be specifically considered).

An eight-year-old child who has lived all his life with his mother will suffer harm from a change of custody. But the parties' inability to get beyond their "private war" has forced the trial court to make the most important decision in their child's life. The trial court conscientiously balanced the trauma of a change in living arrangements against the advantages for the child's emotional development of living with the father. The record supports the trial court's decision. Although I may have decided this case differently, I cannot say the trial court abused its discretion. I would affirm the trial court's decision because a technical remand for more findings would not: (1) improve the child's life; (2) alter the ultimate decision on custody; or (3) further the legislative purpose of Minn.Stat. § 518.18. *See Grein v. Grein*, 364 N.W.2d 383, 387 (Minn. 1985) (affirming because the trial court could be expected to make sufficient findings on remand so a remand would not further the legislative purpose of Minn.Stat. § 518.18).