*This opinion will be unpublished and
may not be cited except as provided by
Minn. Stat. § 480A.08, subd. 3 (2014).*

**STATE OF MINNESOTA
IN COURT OF APPEALS
A14-1430**

In re the Marriage of:
Anthony Linus Orner, petitioner,
Respondent,

vs.

Shauna Orner,
Appellant.

**Filed May 26, 2015
Affirmed
Kirk, Judge**

Otter Tail County District Court
File No. 56-FA-12-2611

Anthony Linus Orner, Fargo, North Dakota (pro se respondent)

Shauna Orner, Richville, Minnesota (pro se appellant)

Considered and decided by Reilly, Presiding Judge; Ross, Judge; and Kirk, Judge.

# U N P U B L I S H E D   O P I N I O N

**KIRK**, Judge

Appellant-mother argues that the district court erred in awarding physical and legal custody of the parties' minor child to respondent-father. We affirm.

# FACTS

Appellant-mother Shauna Orner and respondent-father Anthony Linus Orner were married in 2008 and are parents to a minor child, C.J.O. In August 2012, father petitioned for dissolution of the marriage. In October 2012, the parties participated in the Social Early Neutral Evaluation process and voluntarily agreed to share temporary joint physical and legal custody of the child. In April 2013, the district court granted the parties' stipulation to a bifurcated judgment dissolving their marriage and reserved for trial all issues relating to child custody, parenting time, and spousal maintenance.

In anticipation of a court trial on custody and parenting time issues, the parties hired a custody investigator. The custody investigator filed her report with the district court in July 2013 recommending that the parties share joint legal custody and that father have sole physical custody of the child.

On October 31, father filed an ex parte motion requesting that the district court grant him temporary sole legal and physical custody of the child. In his affidavit, father alleged numerous violations of the October 2012 custody agreement by mother, including that she withheld the child from him during his court-ordered parenting time and that she was planning to relocate to California with the child. On November 5, Mother was served notice of father's ex parte motion, affidavit, and notice of the hearing.

On November 13, the district court held a hearing on father's ex parte motion and awarded father temporary sole legal and sole physical custody of the child subject to mother's supervised parenting time. The district court found that there were reasonable grounds to believe that mother intended to flee the jurisdiction with the child. The

2

following month, the state charged mother with felony deprivation of parental rights after she absconded with the child to Colorado and was apprehended by federal authorities. The child was reunited with father. In light of mother's conduct, the custody investigator amended her initial report and recommended that the district court grant father sole legal and sole physical custody subject to mother's supervised parenting time.

A two-day custody trial was held in March 2014, and both parties were represented by counsel. On June 25, the district court entered a detailed order including factual findings concerning each of the best-interest custody factors. *See* Minn. Stat. § 518.17 (2014). The district court awarded father sole legal and sole physical custody of the child subject to mother's supervised parenting time.

Mother appeals.

**D E C I S I O N**

**I. The district court did not err in making the child custody determination.**

A district court has broad discretion to provide for the custody of the parties' children. *Rutten v. Rutten*, 347 N.W.2d 47, 50 (Minn. 1984). "The guiding principle in all custody cases is the best interest of the child." *Pikula v. Pikula*, 374 N.W.2d 705, 711 (Minn. 1985). "Appellate review of custody determinations is limited to whether the [district] court abused its discretion by making findings unsupported by the evidence or by improperly applying the law." *Id.* at 710. A district court's findings of fact will be sustained unless they are clearly erroneous. *Id.*; *see* Minn. R. Civ. P. 52.01 (stating that findings of fact are not set aside unless clearly erroneous). The law "leaves scant if any

3

room for an appellate court to question the [district] court's balancing of best-interests considerations." *Vangsness v. Vangsness*, 607 N.W.2d 468, 477 (Minn. App. 2000).

In her pro se brief, mother argues that the district court erred in awarding custody of the child to father because (1) the judge was unfairly biased against her; (2) the custody investigator was unfairly biased against her; (3) an intoxicated witness who was not previously disclosed on the witness list was allowed to testify on behalf of father; (4) she did not receive notice of father's October 31, 2013 ex parte motion; and (5) the child is currently endangered by living with father.

We note that mother's brief cites no legal authority in support of her claims. Pro se litigants are typically held to the same standards as attorneys. *Liptak v. State*, 340 N.W.2d 366, 367 (Minn. App. 1983). If the brief does not contain an argument or citation to legal authority in support of the allegations waived, the allegations are deemed waived. *State v. Krosch*, 642 N.W.2d 713, 719 (Minn. 2002). However, appellate courts may address any matter "as the interest of justice may require." Minn. R. Civ. App. P. 103.04. Given the serious nature of this custody dispute, we elect to address mother's arguments in turn.

### A. The district court judge was not biased.

Mother argues that the district court judge was biased against her in its custody determination because he overemphasized the fact that she absconded with the child out of state. The record does not indicate any bias by the district court judge, and mother offers no evidence of bias. "The mere fact that a party declares a judge partial does not in itself generate a reasonable question as to the judge's impartiality." *Hooper v. State*, 838

N.W.2d 775, 790 (Minn. 2013) (quotation omitted).  Rather, mother's argument appears to reflect strong dissatisfaction with the district court judge's ruling.

The record supports the district court's determination that mother posed a serious flight risk with the child to another state.  *See Pikula*, 374 N.W.2d at 710.  In awarding father physical and legal custody of the child, the district court found that the primary, but not exclusive factor in its custody determination was the very real risk that mother would flee again with the child out of state.  The district court based its determination on its opportunity to observe and assess the credibility of mother's testimony at trial and her "past disregard and disdain" in complying with the court's custody and parenting time order.  At trial, mother characterized the court's temporary order as "bullcrap."  Mother also admitted at trial that she did not inform father in advance of her decision to take the child out of state, that she believes the child is presently in danger while residing with father, and that she would do "anything to keep [her] daughter safe."  Based on mother's admissions, the district court reasonably concluded that if it awarded her physical custody, she would likely abscond with the child again.

**B.      The custody investigator was not biased.**

Absent an abuse of discretion, this court will not overturn a district court's decision to adopt the findings of the custody investigator.  *Rutanen v. Olson*, 475 N.W.2d 100, 104 (Minn. App. 1991).  Mother argues that the custody investigator was unfairly biased against her because father paid for the investigator's services, and that the custody report was flawed because it ignored evidence of father's past violent behavior towards her and the mother of his oldest daughter.

5

A district court may order a professional custody investigation and report in a contested custody proceeding. Minn. Stat. § 518.167, subd. 1 (2014). The custody investigator "must consider and evaluate" the best-interest factors that are set forth in Minn. Stat. § 518.17, subd. 1, and conduct "a detailed analysis of all information considered for each factor." *Id.*, subd. 2(b). The district court may receive the custody investigator's report into evidence, but is not required to follow a custody investigator's recommendation if it is outweighed by other evidence. *Pikula*, 374 N.W.2d at 712. This court defers to the district court's credibility determinations. *Vangsness*, 607 N.W.2d at 472.

There is no evidence that the custody investigator was unfairly biased against mother. In preparation for issuing her report, the custody investigator conducted in-home visits of both parties, interviewed numerous witnesses, including the child, and reviewed numerous documents. The custody investigator also investigated father's criminal history and testified at trial about her conversations with him regarding a previous domestic-assault incident involving himself and the mother of his oldest daughter. The custody investigator also acknowledged at trial that it was unusual that mother never mentioned to her during their repeated interactions that father had ever physically assaulted her. The district court did not make any finding that the custody investigator was biased, nor did it wholly adopt the custody investigator's recommendations. We conclude mother's arguments are without merit.

6

**C.     There was no harm in allowing a non-disclosed witness to testify.**

In general, the district court is in the best position to determine what harm is caused by discovery violations and whether such harm can be eliminated or alleviated. *State v. Lindsey*, 284 N.W.2d 368, 373 (Minn. 1979).   Mother argues that the district court erred when it allowed a previous neighbor of the parties to testify because she did not receive timely notice from father that the neighbor was on his witness list, and because the neighbor was intoxicated when she testified.  The record shows that mother's counsel objected to the neighbor's testimony on the ground that she had not received notice that the neighbor would testify.  The district court denied the motion, stating on the record that it had previously allowed three witnesses to testify on behalf of mother who had not been previously disclosed, and that it preferred allowing the parties to fully develop their cases.

Mother has not shown any harm caused by the district court in allowing the neighbor to briefly testify to the fact that law enforcement made several visits to the parties' residence in 2006.  The district court did not reference the neighbor's testimony in its custody determination, and there is also no evidence in the record presented to this court that the neighbor was intoxicated during her testimony.

**D.     Mother received notice of the hearing on father's ex parte motion.**

Mother's argument that she did not receive notice of father's October 31, 2013 ex parte motion is without merit.  The record indicates that mother received notice of the hearing on father's motion on November 5.  Moreover, the district court acted in accordance with Minn. R. Gen. Pract. 303.04(f) (stating that when the district court grants

7

a party emergency relief without notice and the relief affects custody or parenting time, the court shall set the matter for hearing within 14 days of the date that emergency relief is granted).

**E.      Mother's motion to modify custody is outside the trial record.**

Mother requests that this court modify custody because the child is presently endangered by father because he is physically abusive and is facing criminal drug charges in North Dakota.  We will not consider these claims because they are outside the trial record.  The record on appeal consists only of "[t]he papers filed in the trial court**,** the exhibits, and the transcript." Minn**.** R. Civ. App. P. 110.01.  Generally, an appellate court will not consider matters not argued to and considered by the district court.  *Thiele v. Stich*, 425 N.W.2d 580, 582 (Minn. 1988).

**Affirmed.**