*This opinion will be unpublished and may not be cited except as provided by Minn. Stat. § 480A.08, subd. 3 (2014).*

**STATE OF MINNESOTA
IN COURT OF APPEALS
A15-0922**

In re the Matter of:

Heather Ray Klammer, petitioner,
Respondent,

vs.

Luke Stephen Klammer,
Appellant.

**Filed January 25, 2016
Reversed and remanded
Schellhas, Judge**

Brown County District Court
File No. 08-FA-15-237

Lisa D. Hill, Julia Craig, Southern Minnesota Regional Legal Services, Inc., Mankato, Minnesota (for respondent)

Jacob M. Birkholz, Birkholz & Associates, LLC, Mankato, Minnesota (for appellant)

Considered and decided by Rodenberg, Presiding Judge; Schellhas, Judge; and Reilly, Judge.

**U N P U B L I S H E D   O P I N I O N**

**SCHELLHAS**, Judge

Appellant challenges the issuance of an order for protection for his two minor children and the modification of custody and parenting time associated with the order for protection. Because the district court issued the order for protection for the children without

making a finding that they were victims of domestic abuse and failed to specify a duration regarding the custody and parenting-time modification, we reverse and remand.

## FACTS

Appellant Luke Stephen Klammer (father) and respondent Heather Ray Klammer (mother) were married and are the parents of two minor children. In March 2015, mother petitioned the district court for an order for protection (OFP) for herself and the children against father. Mother requested a temporary grant of child custody and supervision of father's parenting time. The court issued an emergency ex parte OFP for mother and the children and scheduled a hearing.

The parties appeared at the hearing with counsel and informed the district court that they had reached a partial agreement. Father agreed to the issuance of an OFP for mother that would expire in one year, and the parties agreed to continue the matter for a second hearing for the court to conduct confidential interviews with the children.[1] The parties also agreed that, pending the interviews, the children would remain in mother's custody, and father would have supervised parenting time. The court accepted the parties' agreement and issued an OFP on March 26, 2015, that would expire in one year; the OFP listed mother and the children as "Protected Person(s)." The court checked a box in the form OFP that

---

[1] After the hearing, mother's counsel submitted a letter to the district court, clarifying that the interviews with the children were to assist the court in determining the children's "status as protected persons [under the OFP] and temporary custody and parenting time based on safety issues."

2

stated, "[Father] does not object to an [OFP] and understands that the order will be enforced as if there was an admission or finding of domestic abuse."[2]

On March 31, 2015, the district court interviewed the children in chambers and heard testimony from father and a domestic-abuse advocate. On April 6, the court issued an order granting custody of the children to mother and supervised parenting time to father "[p]ending further Order of any Court of competent jurisdiction."

This appeal follows.

## DECISION

A district court's decision to grant relief under the Minnesota Domestic Abuse Act, Minn. Stat. § 518B.01 (2014), is reviewed for an abuse of discretion. *See McIntosh v. McIntosh*, 740 N.W.2d 1, 9 (Minn. App. 2007) (stating that "[w]hether to grant relief under the Domestic Abuse Act . . . is discretionary with the district court"). "A district court abuses its discretion if its findings are unsupported by the record or if it misapplies the law." *Pechovnik v. Pechovnik*, 765 N.W.2d 94, 98 (Minn. App. 2009) (quotation omitted).

## I.

Father argues that the district court abused its discretion by issuing an OFP for the children without finding that they were victims of domestic abuse, and he appears to dispute that the record would support such a finding. The Minnesota Domestic Abuse Act provides for the issuance of an OFP if domestic abuse has been committed against a family

---

[2] Mother's counsel's letter to the district court construed the OFP as to the children as "an interim order . . . pending further hearing." However, the district court did not limit the OFP for the children to such a duration.

3

or household member by a family or household member. *See generally* Minn. Stat. § 518B.01. Domestic abuse is defined as "physical harm, bodily injury, or assault"; "the infliction of fear of imminent physical harm, bodily injury, or assault"; terroristic threats; criminal sexual conduct; and interference with an emergency call. *Id.*, subd. 2(a). The Minnesota Domestic Abuse Act authorizes a court to grant an OFP only to a victim of domestic abuse and does not permit an OFP to be issued on behalf of a minor child in the absence of a finding that the child was a victim of domestic abuse. *Schmidt ex rel. P.M.S. v. Coons*, 818 N.W.2d 523, 524–25 (Minn. 2012).

In its April 6, 2015 order, the district court stated that it had considered the evidence presented, which included a court order in a separate proceeding that affirmed the revocation of father's permit to carry a pistol, the children's statements, witness testimony, and the allegations in mother's OFP petition. The court's recitations of the evidence in the record do not constitute findings. *See Rogge v. Rogge*, 509 N.W.2d 163, 165 n.2 (Minn. App. 1993) ("Several of the trial court's 'findings' consist simply of recitation of the testimony and are not true findings."), *review denied* (Minn. Jan. 28, 1994); *Dean v. Pelton*, 437 N.W.2d 762, 764 (Minn. App. 1989) (stating that findings "must be affirmatively stated as findings of the trial court" and that "the trial court is not making true findings [by] merely reciting the parties' claims"). Based on the evidence that the court described, the court concluded that "[father] should not, at this time, have unsupervised contact with the children." And the court granted mother custody of the children and father supervised parenting time. The district court did not find that the children were victims of domestic abuse in either its March 26 or April 6 order.

4

Mother argues that father "waived his right to a finding of domestic abuse concerning the children" by failing to object when the district court issued an OFP that included the children as "Protected Person(s)." But father agreed only to the issuance of an OFP for mother, and the parties later returned to court to present evidence on the issues of domestic abuse of the children, custody, and parenting time.

"[S]pecific findings on domestic abuse" are required for the issuance of an OFP. *Nohner v. Anderson*, 446 N.W.2d 202, 203 (Minn. App. 1989); *see also Wallin v. Wallin*, 290 Minn. 261, 267, 187 N.W.2d 627, 631 (1971) (stating that, in domestic relations cases, "it is especially important that the basis for the court's decision be set forth with a high degree of particularity if appellate review is to be meaningful"). Because the district court did not make a finding that the children were victims of domestic abuse, the court abused its discretion by issuing an OFP for the children. We reverse the OFP as it applies to the children and remand for further proceedings.

## II.

Father argues that the district court abused its discretion by failing to limit the modification of custody and parenting time to a period of two years. As part of an OFP, a court may "award temporary custody or establish temporary parenting time with regard to minor children of the parties on a basis which gives primary consideration to the safety of the victim and the children." Minn. Stat. § 518B.01, subd. 6(a)(4). "Any relief granted by the [OFP] shall be for a period not to exceed two years, except when the court determines a longer period is appropriate." *Id.*, subd. 6(b).

5

In the April 6, 2015 order, the district court granted custody of the children to mother and supervised parenting time to father "[p]ending further Order of any Court of competent jurisdiction." The district court did not specify an expiration of the modification of custody and parenting time or indicate that it had determined that a period longer than two years was appropriate. We therefore reverse the April 6 order modifying custody and parenting time and remand for further proceedings.

**Reversed and remanded.**